147 So. 72

**WHITE v. JUGE.**

No. 32121.

Feb. 27, 1933.

Rehearing Denied March 27, 1933.

Arthur Landry, of New Orleans, for applicants.

A. H. Reed, of New Orleans, for respondent.

OVERTON, Justice.

This case comes before us on a writ of review from a judgment of the Court of Appeal, affirming a judgment of the civil district court for the parish of Orleans, rendered in favor of plaintiff for $1,061, with legal interest from judicial demand.

The cause of action rests upon injuries received by plaintiff, when she was a tenant of defendant. The injuries alleged were received when plaintiff, while leaving the house, was on a small rear porch of the premises. As she stepped on the porch and turned to go down the steps, she placed her foot on a weakened plank, which was weakened by a burned place on it, and perhaps also by exposure to the weather. In stepping forward, after she turned to descend the steps, her foot fell on the burnt place. The place broke through. Her foot and a part of her leg went through the broken place. The forward movement of her body caused her to fall down when the plank broke, her face striking the steps, and the front part of her body striking the floor of the porch. She received painful injuries from the fall, due in large part to her delicate condition.

The board, we find, was burned by some one unknown before plaintiff moved into the house. All of the witnesses, testifying to the origin of the burn, are interested in the case. Plaintiff and her husband, who, from their position as occupants of the house, must have been thoroughly familiar with every serious blemish on the porch, testify positively that the burnt place was there when they moved in, while on the other hand defendant, who

was not in as good a position to know, and his carpenter, whose duty it was to inspect the house periodically as well as some eighteen other houses owned by plaintiff, testify that it was not there then. We think the weight of the evidence is with plaintiff, as apparently both the district court and the appellate court thought.

■ While plaintiff knew of the defect in the floor, she had no reason to think that it was dangerous and her husband thought that it was not. Plaintiff did not notify her landlord of the defect, evidently considering that the burnt place was safe, but defendant's carpenter inspected the building about a week before the accident occurred, but did not repair the defective plank, which he testifies was there at the time, and did not, so far as appears, warn plaintiff of the likelihood of danger. The carpenter's duties were to inspect buildings belonging to plaintiff, repair them when repairs were needed, and collect rents. It therefore may be said that defendant, through him, had knowledge of the defective condition of the porch.

The accident occurred on February 1, 1931, over a year prior to the passage of Act No. 174 of 1932, which therefore will not be considered in passing on this case.

■ The accident was due to the failure of defendant to maintain in safe condition the building which he had leased to plaintiff. Defendant's agent, the carpenter, who had full power to act, should have repaired the defective porch when, not less than a week before the accident, he observed the burnt place. Had he inspected the place with any reasonable care, he would have known of the weakened condition of the burnt portion of the

plank. It was defendant's duty to ascertain the defect and make the repair, and ignorance of the vice, if it could be held to exist, would have been no excuse. Civ. Code, art. 2695.

Had plaintiff been guilty of contributory negligence in stepping upon the burnt place, it would defeat her claim. However, plaintiff had no knowledge of the dangerous condition of the plank. She considered it safe. Her husband considered it safe. Defendant's carpenter, though he did so carelessly, passed it by as safe. Moreover, the burnt spot was in such a place that it can hardly be expected that a housewife, with her mind on her household duties, could escape always the burnt spot, in going from her dwelling into her back yard and returning. There was no negligence on the part of plaintiff.

By article 2693 of the Civil Code it is the duty of the lessor to make all repairs to the leased premises that are necessary while the relation of landlord and tenant exists, except those enumerated in article 2716 of the Civil Code, which devolve upon the lessee. The tenant is obliged to make no others. Where the lessor fails to make repairs devolving on him, it is discretionary with the lessee, but not obligatory upon him, for the lessee to make the repairs and deduct the cost from the rent. Landry v. Monteleone, 150 La. 546, 90 So. 919. The repair of the porch is not one of the repairs enumerated in article 2716 of the Code, and therefore is a repair falling upon the lessor. There is no evidence of custom, making it the duty of the lessee to make such a repair, if custom be pertinent here.

The trial court itemized its judgment of $1,061 as follows: Amount paid physician for

services, $52; amount paid for medicine, $9; suffering, physical and mental, resulting from injuries and abortion, $1,000. The Court of Appeal affirmed this judgment. Without going into detail, we are satisfied that the fall brought about the abortion, about six weeks after the conception of the child. The amount of damages allowed seems to us to be reasonable.

The judgment under review is affirmed.

O'NIELL, C. J., and ODOM, J., dissent.

ST. PAUL, J., absent on account of illness, takes no part.