LOTTINGER, Judge.
This is a suit sounding in tort for damages arising out of an automobile accident. The petitioners are Jerry D. Sibley, and his wife, Mrs. Grace E. Sibley, Mrs. Sibley being the driver of the vehicle at the time of the accident. The defendants are Carol R. Wilcox, the driver of the other automobile, and his liability insurer, Columbia Casualty Company of New York. The Lower Court rendered judgment in favor of petitioners and against defendants, and the defendants have taken a suspensive appeal.
The record discloses that an automobile accident occurred on January 7, 1959 at approximately 6:00 o’clock p. m. at the intersection of Scenic Highway with East Mason Drive in the city of Baton Rouge, Louisiana. Immediately prior to the accident, petitioner, Mrs. Jerry Sibley, was driving her 1951 model Studebaker tudor sedan in a northerly direction on Scenic Highway in the city of Baton Rouge. It was the intention of Mrs. Sibley to make *50 a left-hand turn into East Mason Street, which intersects Scenic Highway. Scenic Highway is a four-laned divided thoroughfare running in a generally northerly and southerly direction. Mrs. Sibley testified that she made her turn and stopped facing west opposite the neutral ground in order to let traffic going south on Scenic Highway pass. Her testimony was to the effect that she may have been extending one foot into the lane of traffic west of the neutral ground, but that most of her car was in the eastern traffic lanes. The neutral ground is a narrow one, and, according to Mrs. Sibley’s testimony, the rear portion of her car was protruding well into the northbound traffic lanes of Scenic Highway, while the front portion of her car was protruding no more than one foot in the southbound lane of traffic. Upon stopping to allow the traffic clearance, Mrs. Sibley testified that she saw two cars following one another in the extreme right lane of traffic going south, the first car being at a distance of approximately three or four car lengths from the intersection. About this time, the rear car, driven by defendant Wilcox, which was headed in a southerly direction along Scenic Highway, pulled to its left in an attempt to pass the first car, and the said car driven by Wilcox struck the right front bumper of the petitioner’s car, causing the alleged damages. The above testimony of Mrs. Sibley was corroborated in its material details by the testimony of Mrs. Gerald Duplechain, who was a passenger in the Sibley vehicle.
As a result of the accident, Mrs. Sibley sustained injuries which resulted in a miscarriage, for which she claims the sum of $15,500. Petitioner, Jerry D. Sibley, claims special damages in the sum of $325. Both of the petitioners further claim mental and physical anguish for the loss of their unborn child. The Lower Court awarded judgment in favor of petitioner, Jerry. D. Sibley, in the amount of $653, and in favor of petitioner, Mrs. Jerry D. Sibley, in the sum of $2,000. From this judgment the defendants have taken this appeal.
The only testimony opposed to that of Mrs. Sibley and her passenger, Mrs. Duple-chain, relative to the manner in which the accident occurred, is that of the defendant, Wilcox, who was the driver of the other vehicle. His story was to the effect that he was traveling approximately 35 miles per hour in the left lane of the two southbound lanes of Scenic Highway, and that another car, which had come from over the river, was in the right lane. Wilcox testified that, when the petitioner’s car made the left turn to go across Scenic Highway, the other driver in the right lane blew his horn and pulled to the right, and that he also blew his horn and pulled to the right. He further testified that when the Sibley car first appeared in his lane, it was only about a half car’s length in front of him, and that at the point of impact, the Sibley car was extended approximately six feet into his lane of traffic. The impact was between the right front of the Sibley vehicle and the left front of the Wilcox vehicle.
The Lower Court gave little, if any, credibility to the testimony of the defendant, Wilcox. Much of the said testimony was in direct conflict with that of Mrs. Sib-ley. As to the testimony of defendant, Wilcox, the Lower Court said: “I do not believe him.”
The investigating officer, Melvin Ash-ford, Accident Investigator for the Baton Rouge City Police, testified on behalf of petitioner. He remembered very little of the accident, and his testimony was based entirely upon the details as set forth in the police report, which was used to refresh his memory. According to this police report, subsequent to the accident, the vehicle driven by defendant, Wilcox, came to a stop at a little left of center of the southbound traffic lanes of Scenic Highway, with its front end resting approximately eight feet north of the southern boundary of East Mason Street. The Sib-ley vehicle, on the other hand, came to rest facing east and west along the southern boundary of East Mason Street, with its .front portion protruding into the south *51 bound traffic lanes of Scenic Highway, and its rear portion protruding into the northbound traffic lanes of Scenic Highway. Although the police report is of very little benefit, it appears to us that it lends more support to the theory as set forth by petitioner than that of defendant. Had the Sibley vehicle been proceeding across the west traffic lanes of Scenic Highway at the time of impact, we do not believe the final resting places of the two vehicles would have been as set forth by the accident report.
In view of the above, we certainly do not feel that there is any error on the part of the Lower Court. These witnesses were personally before the Court, and the Lower Court was in a much more favorable position to judge their credibility than we are. We, therefore, feel that the Lower Court was correct in holding that the sole and proximate cause of the accident was the negligence of defendant in swerving to his left in order to attempt to pass a preceding vehicle after the Sibley car had stopped in its position opposite the neutral ground. The defendant driver should have seen the position of the Sibley car and realized the danger of his movements.
As to the quantum, the record discloses that Mrs. Sibley was approximately three months pregnant at the time of the accident. The impact threw her against the steering wheel causing a blow to her stomach. A few hours later she commenced to have pains in her back and later bleeding commenced. The abortion occurred some three weeks after the accident. Dr. Simmons, who performed the abortion, testified on behalf of, petitioner to the effect that it was very likely the trauma was the cause of the abortion. Although he could not positively state that the abortion was the direct result of the accident, all the symptoms and history of the patient indicates they were such as to justify laying the cause to the trauma. Mrs. Sibley had given birth to two children prior to this accident and one child subsequent thereto with no trouble whatsoever. We, therefore, feel that the Lower Court was correct in holding that the accident was the cause of the resulting injuries, i. e. the miscarriage and abortion to petitioner.
The Lower Court awarded damages in favor of Mr. Sibley in the sum of $153 for medical and doctor bills, plus $500 as compensation for his mental pain and anguish resulting from the loss of the child. Mrs. Sibley was awarded the sum of $2,-000 to compensate for her pain and suffering, as well as for the pain and suffering from the loss of her unborn child. In mak*ing these awards, the Lower Court cited Moncrieff v. Lacobie, La.App., 89 So.2d 471. We do not feel that these awards were excessive. The petitioners went through a period of some three weeks during which the fate of their unborn child was unknown, and we feel certain that they must have suffered great anxiety.
. For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by defendants.
Judgment affirmed.