WARD, Judge.
Ernest J. Jilek, III appeals a judgment sustaining an exception of no cause of action filed by Colonial Penn Insurance Company. The judgment dismissed Jilek’s suit for damages for the loss of two unborn children and for his mental anxiety and anguish caused by the losses. We believe the Trial Judge correctly found that Jilek’s petition does not state a cause of action and therefore affirm the judgment.
An automobile in which Ernest Jilek’s wife, Kathleen Jilek, was a guest passenger was struck by a vehicle driven by Rebecca Covert, Colonial Penn’s insured. This case is the second suit arising out of the accident which occurred in New Orleans on February 2, 1982. In the first suit, Mrs. Jilek settled all her claims against Rebecca Covert and Colonial Penn for the Colonial Penn policy limit for injuries to a single person. Ernest Jilek was not a party to that suit.
In the present suit Ernest Jilek sued only Colonial Penn, alleging that on December 20, 1982, his wife suffered a miscarriage due to the medication she was taking for back injuries sustained in the automobile accident. He further alleged that on August 19, 1983, his wife terminated another pregnancy upon her physician’s advice that the medication she was taking for her injuries had probably caused severe mental and physical deformities in the fetus. Jilek’s petition claimed that Louisiana Civil Code Article 2315 provides a remedy for his loss of the unborn children and the resulting mental anxiety and anguish.
Colonial Penn filed an exception objecting to Jilek’s petition on the grounds that it failed to state a cause of action for damages recognized by Louisiana law. After a hearing, the Trial Judge sustained the exception, and Jilek appeals.
The exception of no cause of action before us raises the question of whether the law provides Ernest Jilek with any remedy on the facts alleged in his petition. The validity of the exception must be determined on the face of the petition alone; all well-pleaded facts are considered as true, and all doubts are resolved in favor of the sufficiency of the petition. Sanborn v. Oceanic Contractors, Inc., 448 So.2d 91 (La.1984).
Accordingly, we assume, as the petition alleges, that the negligence of Colonial Penn’s insured, Rebecca Covert, caused Mrs. Jilek’s back injuries and that the miscarriage and abortion were the result of Mrs. Jilek’s taking prescribed medication for these injuries. But, even assuming these allegations of causation-in-fact as true, we conclude that the petition fails to state a cause of action because Rebecca Covert’s duty to drive safely does not extend to protect Mr. Jilek from the risk of the injuries alleged in his petition. Although the accident might be a cause-in-fact, the resulting losses are unusual, unexpected, and not easily foreseeable. Mr. Jilek’s injuries are not easily associated with Rebecca Covert’s alleged careless driving. Moreover, the common, everyday activity of driving an automobile is not such that the careless driver or her insurer should be held accountable for such remote injuries. Finally, in considering whether the duty should extend to these injuries, we find the medication Mrs. Jilek was taking can be clearly identified as a major intervening cause of the terminated pregnancies. Thus, we hold that even if Rebecca *673 Covert’s careless driving breached a duty of care owed to Mrs. Jilek, the ambit of that duty did not encompass the risk of Mr. Jilek losing unborn children not conceived at the time of the accident, especially since the losses were caused by medication his wife was taking for injuries caused by the accident.
Mr. Jilek’s reliance on Danos v. St. Pierre, on rehearing, 402 So.2d 633 (La.1981), is misplaced since he does not allege that, like Mrs. Danos, his wife was pregnant at the time of her automobile accident. We believe this distinction is crucial. Long before the Danos decision allowed a wrongful death claim for the stillbirth of a fetus, Louisiana courts awarded damages when a traumatic accident caused a pregnant woman to have a miscarriage. See, for example, White v. Juge, 176 La. 1045, 147 So. 72 (1933); Joiner v. Texas & P. Ry. Co., 128 La. 1050, 55 So. 670 (1911); Stewart v. Arkansas Southern R. Co., 112 La. 764, 36 So. 676 (1904); Moncrieff v. Lacobie, 89 So.2d 471 (La.App. 1st Cir.1956); Green v. Frederick, 141 So. 505 (La.App. 1st Cir.1932); and Tharpe v. Sibley Lake Bisteneau and Southern Railway, 144 So. 274 (La.App. 2nd Cir.1932). In Sibley v. Wilcox, 125 So.2d 49 (La.App. 1st Cir.1960), the Court awarded damages specifically to an expectant father for his mental pain and anguish resulting from the loss of his unborn child.
These cases held that there exists a duty of care to protect against the risk of miscarriage and provided a cause of action for the loss of a fetus. But these cases do not apply to the facts alleged in Mr. Jilek’s petition. Mr. Jilek has not cited, nor can we find, a Louisiana case awarding damages to a father for loss of a fetus not conceived at the time of the mother’s traumatic injury.
Accordingly, we conclude that the law does not provide a remedy for Mr. Jilek’s alleged losses, and we affirm the judgment dismissing his suit. '
AFFIRMED.