PROVOSTX, J.
Plaintiff was a passenger on the train of the defendant company from Port Allen, opposite Baton Rouge, to Alexandria. The train was composed of five cars, besides the engine and tender, namely, a mail and baggage ear, a coach, part smoker and part for colored people, a chair car, and a sleeper. Plaintiff was in the chair car. As the train was entering Alexandria, at a speed of about 45 miles an hour, the engineer noticed that a switch was so set as to shunt his train to a side track upon which stood two freight cars. He shut off steam, put on the sand and the air brakes, and jumped. The fireman had already jumped. By the time of the collision, the speed of the train had been checked to 15 or 20 miles an hour. The train stopped still, as an effect of the impact; but the engine broke loose from the tender, and followed the two freight cars down the track, about 90 feet, until they bumped against a line of freight cars. The two freight cars were badly damaged. The pilot pin and the pilot p£ the engine were broken off. The couplings between the engine and tender were broken. Apart from this, no damage was done to the engine or cars, and, if it had not been for the broken couplings between the engine and the tender, the same engine could have gone on with the train. The brakeman and the porter went through the train to ascertain whether any one had been injured, and, apparently, none had been. On the contrary, all were talking and laughing and seemed to be in a good humor — the reaction, probably, from the scare they had just had. After a delay of about an hour, the train went on to the station, and plaintiff got off and immediately boarded another train and continued her journey home. She arrived, about five hours later, at night, and immediately went to bed.
The sudden stop of the train had thrown her against the corner of the chair in front of her, bruising her jaw. She was six or eight weeks gone in pregnancy. She had begun immediately after the shock to feel pains in the lower abdominal regions, and had continued to feel them on her way home. During the night, a slight menstrual loss commenced. The next morning she sent a note to her physician describing her symptoms, and he sent her a liniment for her jaw and some medicine to be taken internally. She continued to suffer and to lose, and would remain in bed an hour or two every day, and would do little or no work. On the thirtieth day after the collision, the-flow having increased alarmingly, she sent for a physician. He found that she was suffering from a miscarriage, and removed the contents of her womb.
The case was tried without a jury. The judge gave plaintiff judgment for $2,000, and' defendant has appealed. Plaintiff has answered the appeal, asking an increase to-$5,000.
We find no sufficient reason for changing the judgment. [1] It is argued that the plaintiff has not shown that the collision in question was the cause of the abortion, and that, even if it were so, her failure to call in a physician sooner than 30 days after the-accident is contributory negligence which bars recovery, plaintiff was a healthy woman of 28, who had borne two children and never miscarried. The pains began immediately after the jar she received, and the- *1053 loss of sanguinial fluid commenced shortly afterwards; and a jar of that kind may bring about such a result. The miscarriage had a cause; and, there being one so obvious, what wisdom is there in doubting and searching for any other? Several physicians testified to the improbability, or impossibility, of a fcetus being carried so long with a continual loss of sanguinial fluid; but other physicians contradicted them, and the testimony of plaintiff and her sister establish it as a fact. [2] As to the failure to call in a physician sooner, it could bar plaintiff's suit only if it were shown to have contributed to the result. Railroad Co. v. Poston (Ky.) 12o S. W. 253; Texas & Pacific R. Co. v. Neal (Tex. Civ.) 33 S. W. 693; Railroad Co. v. Cooney, 196 Ill. 466, 63 N. E. 1029. [3] No proof of this kind is made, or pretended to be made. Plaintiff may be said to have been careful. She consulted her physician when the symptoms first appeared. She abstained from work, and rested in bed part of the day. When the symptoms became alarming, she called in a physician.
[4] As to the prayer for increase of damages, we do not find that plaintiff’s health has been permanently affected. The testimony in that direction is entirely too vague to serve as a basis for judgment.
Judgment affirmed.
SOMMERVILLE, J., takes no part herein.