## No. 3127

### Second Circuit

---

## YOUMAN, ET AL. v. McCONNELL & McCONNEL, INC.

---

(November 10, 1927. Opinion and Decree.)
(December 21, 1927. Rehearing Refused.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Automobiles—Par. 4 c.**
The driver of a motor truck is negligent in driving at such speed and so close to a car in front of him that he is unable to stop to avoid a collision and drives the truck upon the sidewalk, even though he acted in an emergency created by his own negligence.

2. **Louisiana Digest — Corporations — Par. 203, 204.**
A corporation is responsible in damages for the negligent act of its employee who, while engaged in the defendant's business, drives defendant's truck upon the sidewalk and injures a pedestrian.

3. **Louisiana Digest—Parent and Child— Par. 1, 6.**
In view of Article XXVI of the Civil Code, the expectant mother cannot recover damages for the child born dead because it has no legal personality distinct from its mother.

4. **Louisiana Digest—Automobiles—Par. 9; Damages—Par. 104, 105.**
Eighteen hundred and seventy-four dollars is considered adequate quantum of damages for the result of being struck and knocked down by a truck rendering an expectant mother unconscious and inflicting bodily bruises and cuts causing severe pains for two months and confining her to her bed for eleven days.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. J. H. Stephens, Judge.

Action by Mrs. Edith Youman et al. against McConnell & McConnell, Inc.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Clifton F. Davis, of Shreveport, attorney for plaintiff, appellee.

J. Fair Hardin, of Shreveport, attorney for defendant, appellant.

WEBB, J. This suit was brought by Mrs. Edith Youman and her husband, Harold Youman, against McConnell & McConnell, Inc., a corporation, and Strubbe McConnell and others, the incorporators, to recover damages alleged to have been sustained by reason of injuries received by Mrs. Youman through the alleged negligence of one of defendants' servants.

On trial Mrs. Youman was awarded damages against the corporation but her de-

mands against the incorporators as well as the demands of her husband were rejected, and the corporation appealed, which appeal has been answered by Mrs. Youman, in which she prays that the judgment be amended and the amount awarded her increased.

The defendant complains of the judgment in that it is urged the evidence failed to establish liability on the part of defendant, and further, that in any event the amount awarded plaintiff was excessive; and, considering these questions in their order:

First, we find the evidence established that while Mrs. Youman was walking along the sidewalk a motor truck belonging to defendant corporation, and being driven by one of its employees in the course of and while engaged in defendant's business, was suddenly turned from the street or roadway onto the sidewalk and struck Mrs. Youman; and the evidence further shows that the driver of the truck was driving so close behind another car and at such speed that when the car in front slowed down or was about to come to a stop the driver of the truck was placed in a situation where he had either to strike the car in front of him or turn and go upon the sidewalk; and although the driver of the truck may be said to have acted in an emergency we think the emergency was created by his negligence in driving at such speed and so close to the car in front of him as to be unable to avoid a collision in event the car ahead of him stopped without driving the truck upon the sidewalk (Henican vs. Woodman, 1 La. App. 281; Blashfield, Automobiles, 454, No. 29); and the defendant cannot escape liability under the theory that its servant acted in an emergency, the emergency being created by his negligence (Southall vs. Smith, 151 La. 969, 92 So. 402; Dill vs. Colley, 3 La. App. 305).

Second, the accident occurred on June 11, 1926, and the evidence establishes that the truck struck the plaintiff, knocking her down, rendering her unconscious, and inflicted upon her body bruises and cuts; that plaintiff was enciente, being about seven months advanced with child, and when she was carried home she began to suffer with pains in her back and abdomen and was confined continuously to her bed for about eleven days under the attendance of a physician, and that she continued to suffer from time to time with such pains until the delivery of the child on or about August 1, 1926.

The physician testified that the pains with which plaintiff suffered were "labor pains" and that the treatment was directed towards relieving the pain and preventing a miscarriage; and it further appears the position of the child in the womb was changed following the accident and that the delivery of the child was more painful than would have been the case had it remained in the position in which it was before the accident.

The date of the delivery of the child was at about the normal period and the plaintiff, after the illness incident to her travail, was restored to her former health. However, the child was "still born", and while the body appeared to be well formed and developed, the physician was unable to state that its death was caused by the accident, as it may have resulted from the manipulations in the delivery, made necessary by the position of the body in the womb.

The plaintiff claimed damages in the sum of five thousand dollars for the shock, pain and suffering and mental anguish caused by the injuries and by the threat-

ened miscarriage, and five thousand dollars for the loss of the child and for other amounts, physician's fees, and nurse's services, and the judgment allowed her eighteen hundred and seventy-four dollars, which amount the plaintiff in her answer to the appeal has asked should be increased to three thousand dollars.

Counsel cite three cases from the Supreme Court of this state which are considered to be analogous. In the first case, Holzab vs. Railroad Co., 38 La. Ann. 185, the plaintiff, when pregnant, was thrown to the floor of a car on which she was a passenger and the shock caused injuries which confined her to her bed for several weeks where she suffered considerable pain, but an abortion did not ensue, although her health was impaired, for which three hundred dollars was allowed by the trial court and the cause was settled while the case was pending on appeal in the Supreme Court. In the second case, Stewart vs. Railroad Co., 112 La. 764, 36 So. 676, it appeared that the plaintiff was pregnant at the time of the accident and immediately thereafter she became ill, and after an illness of about one week she had an abortion, and after recovering from the illness she had not enjoyed good health, for which injuries one thousand dollars was allowed; and in the third case, Joiner vs. Railroad Co., 128 La. 1050, 55 So. 670, two thousand dollars was allowed where the plaintiff, after suffering about thirty days, had a miscarriage, although it did not appear that her health had been permanently affected. And the defendant contends that the amount of the award should be fixed with reference to the amount awarded in the first case, while plaintiff takes the position the amount awarded was properly fixed by the trial court with reference to the amount allowed in the last case, and that as the trial court did not make any award for the loss of the child, that the amount of the judgment should be increased.

In the cases cited it does not appear that the pleading required that the elements of damage should be specifically determined, and while it appears to be conceded that there could not be any recovery by the mother for loss of the society of or support from the child which she may have anticipated, but the defendant contends that under the declaration of Art. 26, C. C., that "children born dead are considered as if they had never been born nor conceived", the court could not have considered the loss of the child in any respect.

The civil law has always provided for the civil rights of the child *en ventre sa mere*, and while such rights are considered as never having existed when the child is born dead, because it is not regarded as a legal person until born alive, we think the provision of the Code should be read in this light, that is, that the child born dead is not considered as having had a legal personality distinct from its mother.

While there is some question as to whether the child died as a result of the injury, yet conceding that it did, but from this point of view the child could not be considered as having a distinct legal personality, and we do not think the mother could have a right of action for the loss or death of the child.

However, we think it may be assumed that a woman with child looks forward with considerable apprehension to the time of delivery as relates to herself as well as to the child in her womb, and that any injury which she suffers through the negligence of another where it results in illness plainly having a tendency to bring about the delivery of the child before the normal

period must increase the apprehension and cause an anxiety for herself and mental distress for the child for which she should be permitted to recover; and the evidence establishing that she suffered at times over a period of more than sixty days with labor pains prior to the delivery of the child, and that the delivery of the child was more painful than would have been the case had the accident not caused the child to change its position in the womb, we cannot say that the amount awarded plaintiff was excessive.

We do not think that the decision in Holzab vs. Railroad Co., supra, established any precedent as to the amount to °be awarded, as the parties compromised as to the amount of the award while the question was before the Supreme Court, and we find that the evidence shows the plaintiff in the present case suffered for a longer time than was shown to have been the case in the other causes cited by counsel.

The judgment appealed from is affirmed.