348 So.2d 128 (1977)
William G. WASCOM et al.
v.
AMERICAN INDEMNITY CORPORATION et al.
No. 11342.
Court of Appeal of Louisiana, First Circuit.
June 13, 1977.
Rehearing Denied July 11, 1977.
Writ Refused October 28, 1977.
*129 Lewis O. Unglesby, Baton Rouge, for William G. Wascom, et al., plaintiffs-appellants.
Edward A. Griffis, Bogalusa, for American Indem. Corp., et al., defendants-appellees.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
COVINGTON, Judge.
This is a devolutive appeal from a judgment of the trial court sustaining the exceptions of no right and no cause of action filed by Allstate Insurance Company, the uninsured motorist insurer for the plaintiffs, insofar as and only insofar as the claim purported to be a claim for mental pain and anguish suffered by plaintiff, William G. Wascom, for the injuries to his wife, and as the claim of husband and wife purported to be for the wrongful death of twin fetuses subsequently stillborn. We affirm.
The exceptions were filed in a suit brought by the plaintiffs, William G. Wascom and Marilyn Sinagra Wascom, husband and wife, alleging that on February 25, 1976, Mrs. Wascom was injured in a collision with an automobile operated by defendant, Mary LaRock. Suit was filed against Mary LaRock, her liability insurer, American Indemnity Corporation, and Allstate Insurance Company, the plaintiffs' uninsured motorist insurer.
In the original petition Mr. Wascom claimed damages for mental pain and anguish, although he did not allege bodily injury to himself or that he was in the Wascom automobile. Mrs. Wascom alleged personal injuries, mental and physical suffering and medical expenses due her as damages. A supplemental petition was filed by the plaintiffs for the deprivation of companionship, love and affection caused to each of them due to the wrongful death of their unborn twins, which were subsequently born dead. Defendant, American Indemnity, filed an answer denying liability.
*130 Defendant, Allstate, filed exceptions of no right and no cause of action on the grounds that the children were born dead, and that there can be no recovery by a husband for mental pain and anguish resulting from injuries to his wife.
The law is clear that a wrongful death action can not be maintained for the death of a child never born alive. LSA-C.C. art. 28; Youman v. McConnell & McConnell, Inc., 7 La.App. 315 (2 Cir. 1927).
Article 28 of the Louisiana Civil Code provides:
"Children born dead are considered as if they had never been born or conceived."
In Youman the court held that article 28 of the Civil Code precluded recovery for the death of a stillborn child; a child born dead is not considered as having had a legal personality distinct from its mother.
The Youman court observed:
"The civil law has always provided for the civil rights of the child en ventre sa mere, and while such rights are considered as never having existed when the child is born dead, because it is not regarded as a legal person until born alive, we think the provision of the Code should be read in this light, that is, that the child born dead is not considered as having had a legal personality distinct from its mother."
In his "Reasons for Judgment" the trial judge considered, as we do, that LSA-C.C. art. 28 and the Youman case are controlling, and he remarked:
". . . I feel that when wrongful conduct of an individual deprives the expectant parent of this child, that they should have the right to recover. However, this Court does not make the law and feels constrained to rule as previously set forth."
We are in accord with the sentiments expressed by the trial judge. Nevertheless, we conclude, as the trial judge did, that the exception of no cause and no right of action must be maintained within the limits expressed by him.
We do not find that the husband unequivocally claimed such damages. In the original petition, Article 10 thereof states that he "suffered the following injuries (sic): a) loss of his two twin sons." That was the end of that article of the petition. Article 11 then itemizes his damages as "a) Mental pain and anguish, past, present and future" and asked for a specific amount therefor. Again, despite the alphabetical "a)", which usually indicates the first of a series, that was the end of said article. Then, in their supplemental and amending petition, Article 4 alleges that the accident caused the death of the twins, while 5 thereof states that "William G. Wascom, father of the twins, itemizes the damages he sustained as a result of the accident and death of the twins as follows: "a) Deprivation of the companionship, love, and affection of the children____ $50,000.00; b) Grief, mental anguish and distress____ $25,000.00; c) Medical____ $313.00; Total____ $75,313.00."
The logical interpretation of the original and supplemental petition is that, in the original one Article 10 sets forth the nature of his loss, the unborn children, and Article 11 asks for a specific sum as damages for that loss. Likewise, in the supplemental petition, Article 4 states the alleged injury resulted in the children's death, and Article 5 relates strictly to quantum. In brief, it is not clear that Mr. Wascom ever asked for damages for his wife's injuries. However, since Allstate interjected that matter in its exception, and the trial judge felt constrained to treat the matter, we will do likewise.
The law is clear that a husband is not entitled to recover in tort for his mental pain and anguish brought about by his wife's injuries, or the possibility of loss of an unborn child. No person may recover damages for mental anguish in a tort action resulting from injury to another person, which do not result in the latter's death. See Hickman v. Parish of East Baton Rouge, 314 So.2d 486 (La.App. 1 Cir. 1975), writ denied La., 318 So.2d 59. See Oppenheim, The Survival of Tort Actions and the *131 Action for Wrongful Death, 16 Tul.L.R. 386 (1942).[1]
In Newman v. City of Baton Rouge, 260 So.2d 52 (La.App. 1 Cir. 1972), writ refused 261 La. 1064, 262 So.2d 43, the court held that a husband is not entitled to recover for mental anguish and worry arising out of his fear regarding the possibility of the loss of his unborn child because of an injury to his wife.
In so holding the court said:
". . . (T)his Court has not approved the principle that damages may be awarded for mental pain and suffering occasioned by injury or threat of injury to another. Recently in Dudley v. State Farm Mutual Automobile Insurance Company, 255 So.2d 462 (La.App. 1st Cir. 1971), this Court denied damages to the father for mental pain and anguish occasioned by witnessing a serious accident resulting in injuries to his son. Plaintiff relies on Valence v. Louisiana Power and Light Company, 50 So.2d 847 (La.App. Orleans 1951), which allowed recovery to a father for mental anguish and worry over fear his wife's unborn child had sustained an injury which might result in an abortion. Counsel's attention is called to a later decision of the Fourth Circuit, i. e., Robertson v. Aetna Casualty and Surety Company, 232 So.2d 829 (La.App. 4th Cir. 1970), which declined to follow its previous ruling in the Valence case, choosing:
'. . . to remain consistent with the accepted jurisprudence of this state, we adopt the uniform rule that one person cannot recover damages for mental anguish as a result of injuries to another where there is no breach of an independent ex contractu or ex delicto duty owed directly to the claimant as in Holland v. St. Paul Mercury Insurance Co., La.App., 135 So.2d 145 (1st. Cir. 1961).

(Robertson v. Aetna Casualty and Surety Company, 232 So.2d 829, 831)."
We conclude therefore that the trial judge correctly sustained the peremptory exception to the claim for mental pain and anguish suffered by plaintiff, William G. Wascom, for the injuries to his wife and as to both plaintiffs for the loss of the unborn fetuses.
For the foregoing reasons, the judgment of the trial court is affirmed at plaintiffs-appellants' costs.
AFFIRMED.
LOTTINGER, J., dissents with written reasons.
LOTTINGER, Judge, dissenting.
I agree with the majority's analysis and conclusion that the husband-father is not entitled to recover in tort for his mental pain and anguish brought about by his wife's injuries, or the possibility of loss of an unborn child, however, I dissent from that portion of the majority opinion that disallows a wrongful death action as to the unborn twins.
I agree with the view expressed in Valence v. Louisiana Power & Light Co., 50 So.2d 847 (La.App. Orl. Cir. 1951) wherein the court said:
"We cannot be persuaded that, under no circumstances, should there be awarded damages to the parents of the unborn child if the foetus, while in its mother's womb, has been so injured that it cannot be born alive. We are certain that the redactors of our code had no such purpose in mind in enacting Article 28."
It is obvious to this writer that when LSA-C.C. arts. 28 & 29 are read together, that the redactors of our code were discussing inheritance rights of unborn children. It strains the imagination much less scientific knowledge, even at the time of the adoption of our code, to say that "children born dead are considered as if they had never been * * * conceived", and thus no harm could be done to the fetus and no liability.
*132 Therefore, I respectfully dissent in part and concur in part.

On Application For Rehearing.
Rehearing denied. Although we are not insensitive to the position of the plaintiffs, we feel that the placement of Civil Code Art. 28 in that portion of the Code entitled "Of Persons" means that the article has general application rather than being restricted to matters of inheritance only.
Also, by using the words "or conceived", the legislature made a fetus, later stillborn, a "non-person" which never existed. Any plea for relief, for the benefit of those who may be affected by similar factual situations in the future, should be directed to the legislature. It is not the function of the courts to legislate.
LOTTINGER, J., dissents from the refusal to grant a rehearing.
NOTES
[1] Contra: Stone, Emotional Distress Occasioned by Another's Peril, 48 Tul.L.Rev. 782 (1974).