383 So.2d 1032 (1980)
Daniel G. DIEFENDERFER, Jr., et al.
v.
LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY et al.
No. 12680.
Court of Appeal of Louisiana, First Circuit.
January 21, 1980.
*1033 Jack Pierce Brook, of Jumonville, Broadhurst, Brook, Miller, Dennis & Reed, Louis M. Corne, Lafayette, for plaintiffs-appellants.
William C. Kaufman, III, of Seale, Smith & Phelps, Robert J. Vandaworker, of Taylor, Porter, Brooks & Phillips, Baton Rouge, for defendants-appellees.
EN BANC.
PER CURIAM:
Daniel G. Diefenderfer, Jr., plaintiff, appeals a trial court judgment granting defendants' motion to strike and motion for summary judgment and dismissing plaintiff's suit insofar as he sought damages for 1) the death of his unborn child, 2) the loss of his dead wife's future wages, and 3) the loss of his dead wife's future services. We reverse.

I. FACTS
On September 23, 1976, Daniel G. Diefenderfer, Jr. was driving an automobile owned by his mother, Norene. Passengers in the car were Lisa L. McClure Diefenderfer, wife of Daniel, and their unborn child of eight months.
The Diefenderfers were proceeding on Highway 190 until their vehicle rammed a truck and trailer which had improperly pulled across the highway and blocked it. The truck was owned by Harris Ducote and driven by Peter S. Ducote, both defendants in this case.
As a result of the collision, Lisa Diefenderfer was killed. The unborn Diefenderfer child outlived Mrs. Diefenderfer but died in the womb. Daniel Diefenderfer was injured and Norene Diefenderfer suffered damage to her car.

*1034 II. PROCEDURE
Daniel Diefenderfer and his mother[1] filed suit against defendants, Louisiana Farm Bureau Mutual Insurance Company, Southern Farm Bureau Casualty Company,[2] Fireman's Fund Insurance Company, Harris Ducote and Peter S. Ducote.
Plaintiff sought damages for 1) the loss of his unborn child, 2) injuries to his person, 3) the death of his wife, 4) the loss of future wages of his wife, 5) the loss of future services of his wife, and 6) the wrongful death action of his dead unborn child based on Mrs. Diefenderfer's prior demise.
Defendants Louisiana Farm Bureau Mutual Insurance Company, Harris Ducote and Peter S. Ducote filed a motion to strike plaintiff's demands for 1) damages based on the wrongful death action of the unborn Diefenderfer child, 2) damages based on the plaintiff's loss of his unborn child, and 3) damages based on the loss of Lisa Diefenderfer's future wages and services. The motion's basis was that these alleged damages did not satisfy LSA-C.C. 2315 and therefore were insufficient demands under LSA-C.C.P. Art. 964.
Defendant Fireman's Fund Insurance Company filed a motion for summary judgment seeking dismissal of the same demands of plaintiff on the basis that they stated no cause of action under LSA-C.C. Art. 2315.
Both motions were granted by the trial court and the plaintiff's challenged claims were dismissed.

III. PLAINTIFF'S LOSS OF HIS UNBORN CHILD
It is the holding of a majority of this court that plaintiff has a cause of action and can recover damages for the loss of his child which was stillborn as a result of the accident herein. Reasons for and against this holding will be assigned in concurring and dissenting opinions to be attached hereto.

IV. DAMAGES SUFFERED BY THE UNBORN CHILD
It is the holding of a majority of this court that plaintiff does not have a cause of action to recover for the personal injuries suffered by the unborn child in the accident. Reasons for and against this holding will be expressed in concurring and dissenting opinions, to be attached hereto.

V. ACTION OF THE UNBORN CHILD FOR THE WRONGFUL DEATH OF ITS MOTHER
It is the holding of a majority of this court that the unborn child, which briefly survived the death of its mother, has no cause of action for the wrongful death of its mother. Reasons for and against this holding will be expressed in concurring and dissenting opinions to be attached hereto.

VI. LOSS OF MRS. DIEFENDERFER'S FUTURE WAGES AND SERVICES
Plaintiff claims he sustained personal damages as a result of the death of his wife as follows:
(a) loss of future wages$268,000.00;
(b) loss of future services$200,000.00;
(c) loss and deprivation of companionship, security, love and affection $50,000.00;
(d) grief, mental anguish and distress over the death of his wife$25,000.00.
To the separate and distinct items of damages listed under (a) and (b) above, *1035 defendants filed a Motion to Strike which motion was sustained by the trial court and the claims for loss of future wages and future services were ordered stricken from plaintiff's petition.
The question presented is whether plaintiff can list as separate items of damages "loss of future wages" and "loss of future services."
Code of Civil Procedure Article 964 authorizes the court, after a hearing, to "order stricken from any pleading any insufficient demand...."
Civil Code Article 2315 grants to survivors the right to "recover the damages which they sustained through the wrongful death of the deceased."
Code of Civil Procedure Article 861 requires that when items of special damages are claimed, they shall be specifically alleged.
Loss of support has been allowed to the surviving husband in cases where the deceased wife was employed at the time of her death and was actually providing assistance in the form of financial contribution. In these cases the courts have held that the surviving husband had sustained an actual loss as a result of the lost earnings of his wife. Shipman v. Tardo, 304 So.2d 381 (La.App. 4th Cir. 1974), writs denied; Foster v. Marshall, 341 So.2d 1354 (La.App. 2nd Cir. 1977), writs denied.
Defendants contend that if the deceased spouse had no earnings at the time of her death, the surviving husband cannot assert as a separate item of damage a claim for loss of future wages.
Plaintiff's petition which is the only evidence in the record at this time, does not allege that his wife had ever been employed or the amount of any of her past earnings. There is nothing in the petition which would support the separate itemization of the claim for loss of future wages.
If, as stated in plaintiff's brief, the deceased wife had planned to work in the future, any damages for loss of future support would be nonpecuniary in nature and would be one of the elements to be considered in determining damages for her wrongful death. See Folse v. Fakouri, 371 So.2d 1120 (La.1979).
As to the loss of services, sometimes referred to as loss of consortium, the courts of this State have never allowed recovery therefor as a separate and special element of damages under La.C.C. art. 2315. The possibility of loss of future services as a separate item of damages was discussed, but not decided, in the case of Marceleno v. State, Department of Highways, 367 So.2d 882 (La.App. 2nd Cir. 1978), writs denied 369 So.2d 1364 (La.1979). The court stated:
"Nonpecuniary loss, variously described in many cases as loss of love, affection, companionship, care, attention, nuture, (sic) guidance, society, consortium and like terms, is recoverable. Additionally, loss of support by a husband-father or a wife-mother, a pecuniary loss often times but not always categorized separately from nonpecuniary loss, is recoverable...
"We have no doubt that the loss of a wife-mother's services such as cooking, cleaning, housekeeping, and the like is a very real and substantial loss to the survivors and is a significant part of `the damages which they sustained through the wrongful death of the deceased'; hence, such damages are recoverable. We also recognize that the testimony of experts such as economists as to the value or cost of replacement of such services has value to the trier of fact, judge or jury, in the almost imponderable task of assigning a dollar amount to the survivors' loss.
"We do not decide, and find it unnecessary to decide in this case, whether loss of services is properly a distinct category of damages; separate, apart and in addition to damages customarily described as loss of love and affection in Louisiana cases. The loss of such services does not necessarily result in direct financial and pecuniary loss to the survivors as does loss of a decedent's earnings and support, and in that respect is different from loss of support. *1036 Certainly, as argued by defendant, services performed by a wife, and by a husband for that matter, are manifestations of love and affection. Our view is that loss of such services has always been a consideration in determining damages in wrongful death cases in Louisiana, but has not heretofore been separately categorized as a pecuniary loss and assigned a separate dollar value.
"The reason we do not find it necessary to specifically approve or disapprove the award as categorized by the trial court is because we find the total award to the husband of $113,000 for damages, in addition to certain special damages, to be within the range of the trial court's discretion. The facts of this case call for maximum award to Mr. Marceleno for the wrongful death of his wife."
We agree with the reasoning in the quoted case that loss of services as a nonpecuniary loss is an element to be considered in determining damages in wrongful death cases.
In this case, the exact nature of the future services for which plaintiff seeks damages is not specified in his petition. There is nothing in the petition that would enable us to classify the alleged loss as a pecuniary one. We are of the opinion that in those cases where it is alleged that the surviving spouse has suffered, in addition to the customary services usually performed by the deceased spouse, a financial loss, i. e. a pecuniary loss, as a result of the loss of future services, then in that event plaintiff can assert a separate dollar value for such a loss in his petition. Absent fact allegations upon which the court can determine that a pecuniary loss is being claimed to have been suffered, the trial judge was correct in sustaining the Motion to Strike as to that separate item of damage.
While we are in accord with the trial judge's action in sustaining the Motion to Strike, we are of the opinion that when such a motion is granted on the ground of "insufficient demand," an opportunity to amend the pleadings to correct the deficiency, if possible, should also be granted.
Insofar as these claims are concerned, this matter is remanded to the trial court with instructions to fix a time limit within which plaintiff may amend his petition. If, at the expiration of the time, plaintiff has not amended his petition to justify the separate itemization of these two items, then they can be ordered stricken from the petition.
The judgment appealed from is therefore reversed insofar as it dismisses the claim of Daniel G. Diefenderfer, Jr. for damages for the death of his unborn child; and affirmed insofar as it dismisses his claims for damages in his capacity as "sole surviving heir" of the unborn child. That part of the judgment striking from the petition any claim by Daniel G. Diefenderfer, Jr. for loss of future wages and services of his deceased wife, is amended so as to grant Mr. Diefenderfer the opportunity to amend his petition, within a delay to be fixed by the trial judge, so as to allege facts sufficient to support the said demands, the said demands to be stricken upon his failure to do so. Costs of this appeal shall be borne by defendants-appellees, with all other costs to await final disposition of the case on its merits. The case is hereby remanded to the trial court for further proceedings in accordance with law.
AFFIRMED IN PART, REVERSED IN PART, AMENDED IN PART AND REMANDED.
LEAR, J., concurs.
ELLIS and PONDER, JJ., concur and assign reasons.
CHIASSON, J., concurs for reasons assigned by ELLIS, J.
EDWARDS, J., concurs for his reasons attached and also for the reasons assigned by ELLIS and PONDER, JJ.
SARTAIN, J., concurs for reasons assigned by ELLIS and PONDER, JJ.
LOTTINGER, J., concurs and dissents for reasons assigned.
COLE, J., concurs and dissents for reasons assigned by LOTTINGER, J.
*1037 COVINGTON, J., dissents in part, for reasons assigned this date in Danos, La. App., 383 So.2d 1019, and concurs in part.
ELLIS, Judge, concurring:
I believe that it is unnecessary to classify a fetus as a person, thing or non-person in order to reach the result herein. In my opinion, the fact that the prospective parents have lost a child, which would otherwise have been born normally, because of the wrongful act of another, is sufficient to create a right of recovery under the first sentence of Article 2315 of the Civil Code. The elements of fault and damage are clearly satisfied.
I do not believe that Articles 28 and 29 of the Civil Code were intended to cover a case such as this, when the death of the fetus is caused by the wrongful act of another. However, those articles do preclude the acquisition or transmission of a cause of action by the fetus, which, by law, never acquires personality if born dead.
I therefore concur in the result.
PONDER, Judge, concurring.
I believe that the amendment to La.C.C. Art. 2315 in 1884 establishing the death action in Louisiana was stated sufficiently broadly to evidence an intent of the legislature to allow recovery for the deaths of unborn children. However, the legislature was establishing a death action. I find no evidence of intent to amend or repeal La. C.C. Arts. 28 and 29 so as to allow the transmission of property rights from or through the unborn child.
I therefore concur.
CHIASSON, Judge, concurring.
I concur in this opinion for the reasons assigned by Judge Ellis.
EDWARDS, Judge, concurring.
I agree with the holding that the parent has a cause of action and can recover damages for the loss of his unborn child. It seems to me that recovery is allowed under the broad umbrella of LSA-C.C. Art. 2315:
"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."
The parent(s) had a right to have a child, and to have that particular child. The deprivation of that right should be compensable.
LOTTINGER, Judge, concurring and dissenting.
I dissent from the denial of a cause of action for damages suffered by the unborn child and the denial of a cause of action by the unborn child for the wrongful death of its mother for the reasons assigned by me in my concurring opinion this day in Danos v. St. Pierre, No. 12755 on the docket of this Court, 383 So.2d 1019, and in all other respects I concur.
NOTES
[1] Norene Diefenderfer sought recovery for 1) the loss of love, affection, enjoyment and support of her daughter-in-law and unborn grandchild, 2) shock, physical and mental pain resulting from the death of her daughter-in-law and unborn grandchild, and 3) property damage to her car. The trial court dismissed all her claims save for property damage. Since she did not appeal, the judgment as to her has become final.
[2] Southern Farm Bureau Casualty Company filed an exception of no cause of action and a motion for summary judgment on the basis that they were not the insurers of the Ducotes. Southern Farm was dismissed from the suit without opposition.