380 So.2d 664 (1980)
Gorgi EZELL et al.
v.
Francis S. MORRISON, Jr. et al.
No. 11114.
Court of Appeal of Louisiana, Fourth Circuit.
January 28, 1980.
*665 Charles R. Maloney, New Orleans, for plaintiffs-appellants.
C. Gordon Johnson, Jr., and Adrianne I. Landry, Porteous, Toledano, Hainkel & Johnson, New Orleans, for defendants-appellees.
Before REDMANN, LEMMON and SCHOTT, JJ.
SCHOTT, Judge.
This is a suit for damages sustained by Mr. and Mrs. Lynwood J. Ezell, Jr. in an automobile accident on December 30, 1977. Defendants are the driver, the owner and the insurer of the other car. At the time of the accident, Mrs. Ezell was four and a half months pregnant. On March 18, 1978, she suffered a miscarriage.
Both plaintiffs claim damages for the loss of their unborn child in addition to Mrs. Ezell's claim for pain and suffering in general, and particularly in connection with her miscarriage; and Mr. Ezell's claim for property damage.
Defendants filed an exception of no right of action as to the loss of plaintiffs' unborn child which the trial court sustained ordering "that any claim for damages for the loss of an unborn child be dismissed." From this judgment plaintiffs have appealed.
While we do not agree with the trial court's conclusion that plaintiffs have no right to recover for the loss of their unborn child (for reasons to be stated hereafter) we have concluded that the issue was not properly raised and his judgment was erroneous from a procedural point of view.
The exception of no right of action is used to question the plaintiffs' interest in the subject matter of the litigation. See C.C.P. Art. 927 and cases found in annotation. Thus, the expectant parents are the parties who have the requisite interest in recovering damages for the loss of their unborn child, if a cause of action exists to recover such damages.
Plaintiffs' cause of action is for damages they sustained as a result of defendants' negligence. One of the items of damage they claim is the loss of their unborn child. The judgment appealed from is a piecemeal adjudication which is offensive to basic principles of efficiency in judicial administration. The question is not whether plaintiffs have a right of action or state a cause of action but simply whether they are entitled to recover their one item of damages among the several they claim. Neither the exception of no right nor no cause of action can be employed to eliminate an isolated element of damage and the court was in error in sustaining such an exception. Bailey v. Texas Pacific Coal and Oil Company, 134 So.2d 339 (La.App. 3rd Cir. 1961).
However, defendants urge alternatively that their exception be treated as a successful motion for partial summary judgment under C.C.P. Art. 966. Assuming the absence of any impediment to such a procedure, we have concluded that the judgment is erroneous in substance.
The judgment was apparently based on Wascom v. American Indem. Corp., 348 So.2d 128 (La.App. 1st Cir. 1977), writ denied 350 So.2d 1224. However, this case was overruled by that court in Danos v. St. Pierre (La.App. 1st Cir. 1980) and Diefenderfer v. Louisiana Farm Bureau (La.App. 1st Cir. 1980). [Both decided January 21, 1980].
*666 Contrary to the statement in Wascom that "[t]he law is clear" that plaintiffs are not entitled to recovery for the loss of their unborn child we find clear authority that they are in Valence v. Louisiana Power & Light Co., 50 So.2d 847 (La.App. 1951) wherein our predecessor court stated:
"We cannot be persuaded that, under no circumstances, should there be awarded damages to the parents of the unborn child if the foetus, while in its mother's womb, has been so injured that it cannot be born alive. We are certain that the redactors of our code had no such purpose in mind in enacting Article 28.
"There can be no doubt at all that there could be a recovery for a result of an accident which might cause sterility, or which might otherwise prevent parents from having children, if, as the result of actionable negligence, a husband or a wife should be so injured that either, in the future could not expect to produce children, surely this would be taken into consideration as an item of damage. It necessarily follows, we think, that when parents are actually expecting the arrival of a child, and they are deprived of the fruition of that great expectation by the actionable negligence of someone else, they may recover from the tortfeasor as an item of damage for that particular loss."
* * * * * *
"And that is our conclusion herethat as a matter of law, there may be recovery by the parents where there is actionable negligence which causes such injury to a viable foetus as to prevent its being born alive, but that there must be strict proof that the actionable negligence was the cause of the unfortunate occurrence."
Accordingly, the judgment appealed from is reversed and set aside. The exception of no right of action filed by defendants is overruled and the case is remanded to the trial court for further proceedings. Costs of this appeal are taxed against defendants.
REVERSED AND REMANDED.