383 So.2d 1037 (1980)
William G. WASCOM et al.
v.
AMERICAN INDEMNITY CORPORATION et al.
No. 12863.
Court of Appeal of Louisiana, First Circuit.
January 21, 1980.
On Rehearing March 31, 1980.
Writ Granted May 19, 1980.
*1038 Lewis O. Unglesby, Baton Rouge, for plaintiffs.
Felicien P. Lozes, New Orleans, for defendants, American Indemnity Corp., Tony LaRock and Mary Ann LaRock.
John W. Anthony, Bogalusa, for defendant, Allstate Insurance Co.
Before COVINGTON, LOTTINGER and COLE, JJ.
LOTTINGER, Judge.
This automobile accident case comes before us on appeal for the second time. In the first appeal (hereinafter referred to as Wascom I) this court decided on an exception of no cause of action that the parents of stillborn twins were not entitled to recover for the wrongful death of those twins. 348 So.2d 128 (La.App. 1st Cir. 1977), writ denied, 350 So.2d 1224 (La.1977).
Since our decision in Wascom I, we have had the opportunity on two occasions to review the legal decision enunciated in that case. As a result of that review Wascom I has been overruled. Danos, et al. v. St. Pierre, et al., La.App., 383 So.2d 1019; and Diefenderfer, Jr., et al. v. Louisiana Farm Bureau Mutual Insurance Company, et al., La.App., 383 So.2d 1032.
In an en banc sitting this court decided that the parents of a stillborn child which is killed through the tortious conduct of a third person have the right to recover damages for the wrongful death of the stillborn under the provisions of Article 2315.
The plaintiffs in the case at bar continue to question the propriety of our judgment in Wascom I. They claim that we erred in Wascom I, and we have agreed with them as indicated in the Danos and Diefenderfer cases. While the principal issues on this appeal in Wascom II concern causation and damages, plaintiffs still assert that they should have the right to recover for the wrongful killing of the unborn twins. Defendants, however, claim that the doctrine of the law of the case prohibits this court from reconsidering its previous decision in this case.
The law of the case principle relates to (a) the binding force of the trial judge's rulings during later stages of trial, (b) the conclusive effects of appellate rulings at the trial on remand and (c) the rule that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal in the same case. The law of the case principle, however, is merely a discretionary guide. Reargument of a previously *1039 decided point will be barred where there is simply a doubt as to the correctness of the former ruling. However, in cases of palpable former error or in cases in which the law of the case principle, if mechanically applied, would lead to manifest injustice, the principle should not be applied. Petition of Sewerage & Water Board of New Orleans, 278 So.2d 81 (La.1973); Wall v. American Employers Insurance Co., 250 So.2d 172 (La.App. 1st Cir. 1971).
Because we have reversed our decision in Wascom I, and because we feel manifest injustice would result if we adhered to the law of the case principle in this particular case, we do not feel bound by that principle. Plaintiffs should have a right on remand to (a) prove that the automobile accident which is the subject of this lawsuit had a causal connexity with the miscarriage of the twins and (b) if they prove the causal connection, to prove the measure of damages for both the mother and the father for the wrongful death. The trial court should consider these issues on remand.
We will not decide the issues of causation and quantum raised on this appeal because we believe that this case should be handled in toto rather than piecemeal.
Therefore, for the above and foregoing reasons, this case is remanded for the further taking of evidence consistent with the views expressed herein. The costs will be assessed by the trial court or when this case comes before us again on appeal.
REMANDED.

ON REHEARING
Our original judgment, on January 21, 1980, remanded this case to the trial court for the further taking of evidence, because we believed that the plaintiffs should have the right to (a) prove that the automobile accident which is the subject of this lawsuit had a causal connexity with the miscarriage of the twins, and (b) if the causal connection is proved, to ascertain the measure of damages for both the mother and the father for the wrongful death.
On application for rehearing, we are told that we did not have jurisdiction or authority to modify the award in favor of the plaintiffs-appellees because they neither appealed nor answered the appeal as required by LSA-C.C.P. art. 2133; that the "law of the case" principle is applicable to the question of whether or not damages are allowed for the alleged wrongful death of the fetus, because when this matter was first before us on appeal we affirmed the District Court's judgment sustaining the defendants-appellants' exceptions of no right and no cause of action on the ground that a wrongful death action can not be maintained for the death of a child never born alive. Wascom v. American Indemnity Corporation, 348 So.2d 128 (La.App. 1 Cir. 1977), writ denied, 350 So.2d 1224 (La.1977), referred to as "Wascom I;" and that the decision reached regarding whether or not recovery is allowed for the alleged wrongful death of a fetus was reached by this Court in Wascom I.
We granted a rehearing, to be submitted on briefs only, to reconsider our original judgment on this appeal in light of the questions raised in the application for rehearing. After carefully considering the legal authorities and the arguments contained in the briefs of the parties, we conclude that our original opinion on this appeal is correct. We adhere to that opinion and reinstate it as our opinion on this appeal. We believe that finality of a question of law ("law of the case" principle) and finality of litigation (res judicata) must yield where the interest of justice makes unfair the strict application of such principles. It was palpable error for us to have ruled in Wascom I that the parents of a stillborn child which is killed through the tortious conduct of a third person have no right to recover damages for the wrongful death of the stillborn under the provisions of LSA-C.C. art. 2315 in view of our en banc decisions on January 21, 1980, in Danos v. St. Pierre, La.App., 383 So.2d 1019 and Diefenderfer v. Louisiana Farm Bureau Mutual Insurance Company, La.App., 383 *1040 So.2d 1032[1], which overruled Wascom I. LSA-C.C.P. art. 2164 dictates that we must render "any judgment which is just, legal and proper upon the record on appeal." We believe that the judgment we have rendered herein is the only "just, legal and proper" one we can render under the circumstances of the instant case.
Therefore, for the above and foregoing reasons, this case is remanded for the further taking of evidence consistent with the views expressed herein. The costs will be assessed by the trial court or when this case comes before us again on appeal.
REMANDED.
NOTES
[1] Writs were granted by the Supreme Court in these two cases on March 14, 1980.