386 So.2d 146 (1980)
Richard DEASON et al., Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.
No. 7667.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1980.
Watson, Murchison, Crews, Arthur & Corkern, R. Raymond Arthur, Natchitoches, for plaintiffs-appellants.
*147 Gist, Methvin, Hughes & Munsterman, DeWitt T. Methvin, Jr., Alexandria, for defendant-appellee.
En Banc.
LABORDE, Judge.
Plaintiffs seek damages in connection with an automobile accident which occurred on March 22, 1979 in Natchitoches, Louisiana. In their petition, plaintiffs seek recovery for the death of their unborn child, who was stillborn three (3) days subsequent to the accident. At the time of the accident the mother was 8½ months pregnant. The report of the pathologist (according to paragraph 15 of plaintiffs' petition) indicated the child's death was attributable to respiratory distress, intrauterine secondary to trauma to placenta with widespread hemorrhage as a consequence of the mother being thrown against the steering wheel of her car.
Defendant filed an exception of no cause of action on the ground that Louisiana law does not allow recovery for the death of the unborn child.
The trial judge signed a judgment on November 14, 1979, sustaining defendant's exception and dismissed all claims of plaintiffs for the wrongful death and survival actions for the death of the unborn child. From this judgment plaintiffs have appealed.
The issue presented on this appeal is extremely narrowmay the parents of a stillborn child maintain an action for the wrongful death of that child?
Our answer is yes. We believe that Article 2315 of the Civil Code is broad enough to permit an action for the wrongful death of the stillborn child by the parents.
Louisiana Civil Code Article 2315 provides:
Art. 2315. Liability for acts causing damage; survival of action. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.
As used in this article, the words "child", "brother", "sister", "father", and "mother" include a child, brother, sister, father, and mother, by adoption, respectively. (Amended by Acts 1884, No. 71; Acts 1908, No. 120, § 1; Acts 1918, No. 159, § 1; Acts 1932, No. 159, § 1; Acts 1948, No. 333, § 1; Acts 1960, No. 30, § 1.)
We believe this has long been the law in Louisiana. The first reported case dealing with the rights of the unborn child was Cooper v. Blanck, 39 So.2d 352 (La.App.Orl. 1923).
Judge Westerfield discussed the rights of the unborn child. We quote from page 360, to-wit:
"We think it manifest that injury to a child at this period is in contemplation of law, injury to a living child, for which the child if it survives its birth, may maintain an action under Article 2315 of our Code, *148 and if the child be killed at this period, before its birth, we see no reason why its parents cannot maintain an action for the death of their child."
On the same day the court decided Cooper v. Blanck, supra, it rendered a decision in suit # 9048, entitled Mrs. Pauline Johnson v. Southern New Orleans Light & Traction Co.[1] In that unreported case, the court wrote:
"The argument of the defendant is that the infant before it is born is not a child, not a human being, that it is only a thing, a part of the anatomy of the mother, as are her organs. We cannot accept that theory. We believe that the infant is a child from the moment of conception, although life may be in a state of suspended animation, the subject of love, affection and hope and that the injury or killing of it in its mother's womb is covered by the Statute of 1884 (Wrongful Death) and gives its bereaved parents a right of action against the guilty parties for their grief and mental anguish."
Again in the case of Valence v. Louisiana Power and Light Company, 50 So.2d 847 (Orleans Appeal 1951), the court speaks of the right of the unborn child. On page 849, the court stated:
"We cannot be persuaded that, under no circumstances, should there be awarded damages to the parents of the unborn child if such fetus, while in its mother's womb, has been so injured that it cannot be born alive. We are certain that the redactors of our code had no such purpose in mind in enacting Article 28.
There can be no doubt at all that there could be recovery for a result of an accident which might cause sterility, or which might otherwise prevent parents from having children. If, as the result of actionable negligence, a husband or a wife should be so injured that either, in the future could not expect to produce children, surely, this would be taken into consideration as an item of damage. It necessarily follows, we think, that when parents are actually expecting the arrival of a child, and they are deprived of the fruition of that great expectation by the actionable negligence of someone else, they may recover from the tortfeasor as an item of damage for that particular loss."
In conclusion the court stated in the Valence case at page 850 that:
"And that is our conclusion herethat as a matter of law, there may be recovery by the parents where there is actionable negligence which causes such injury to a viable fetus as to prevent its being born alive, but that there must be strict proof that the actionable negligence was the cause of the unfortunate occurrence."
See also, 24 Tulane Law Review 435; 6 Loyola Law Review 157, 12 Louisiana Law Review 519; and 20 Louisiana Law Review 810.
Our brothers on the First Circuit have recently held in favor of the rights of the unborn child. See Danos v. St. Pierre, 383 So.2d 1019 (La.App. 1st Cir. 1980) and Diefenderfer v. Louisiana Farm Bureau Mutual Insurance Company, 383 So.2d 1032 (La. App. 1st Cir. 1980). The case of Ezell v. Morrison, 380 So.2d 664 (La.App. 4th Cir. 1980) is also on point and grants relief to the parents as sought in this case.
We are not unaware of the authorities urged by appellee. Appellee relies on Louisiana Civil Code Articles 28 and 29 which provides as follows:
"Art. 28. Children born dead are considered as if they had never been born or conceived."
"Art. 29. Children in the mother's womb are considered, in whatever relates to themselves, as if they were already born; thus the inheritances which devolve to them before their birth, and which may belong to them, are kept for them, and curators are assigned to take care of their estates for their benefit."
In addition to Article 28 the trial court relied upon the case of Wascom v. American *149 Indemnity Corporation, 348 So.2d 128, (La. App. 1st Cir. 1977) which decision is based on the case of Youman v. McConnell, 7 La.App. 315, and Article 28 of the Louisiana Civil Code. The Wascom case held that a wrongful death action cannot be maintained for the death of an unborn child.
On appeal appellee urges the same argument as before the trial court. We cannot see any merit in appellee's claim. The Wascom case, upon which they rely, was clearly reversed by the First Circuit by the recent decisions of Danos and Diefenderfer, supra.
Concerning the application of Article 28 to the present case we agree fully with Professor Stone when he answers that same argument at page 95 of Louisiana Civil Law Treatise, Tort Doctrine, Vol. 12, (1977), as follows:
"In the Valence case such strict proof was not forthcoming. The defendant in that case had urged article 28 of the Civil Code as determinative of the matter where it provides that "Children born dead are considered as if they had never been born or conceived." The court answered that "we are certain that the redactors of our Code had no such purpose in mind in enacting article 28." It should be pointed out that article 28 was adopted in 1825 at a time when there was no action for wrongful death and its reference was to the problem in successions. Hence it can be argued that in 1884 when the Code was amended to provide an action for wrongful death, this constituted an amendment of article 28 to remove the new action from the restriction of the earlier article."
Accordingly, the judgment appealed from is reversed and set aside. The exception of no right of action filed by defendants is overruled and the case is remanded to the trial court for further proceedings. Costs of this appeal are taxed against defendant.
REVERSED AND REMANDED.
STOKER, J., concurs and assigns written reasons.
DOMENGEAUX and DOUCET, JJ., concur in the reasons of the majority opinion, and for the additional reasons assigned in the concurring opinion of STOKER, J.
GUIDRY, J., dissents and assigns written reasons.
CUTRER and SWIFT, JJ., dissent for reasons given by GUIDRY, J.
CULPEPPER, J., dissents for the reasons stated by GUIDRY, J., and for the reason the legislature should decide whether to change Civil Code Article 28 in a comprehensible statute dealing with inheritance, survival action, abortion and all related problems.
STOKER, Judge, concurring.
It seems to me that, on the surface, Articles 28 and 29 of the Louisiana Civil Code appear to be inconsistent. When the two articles are harmonized, the harmonization provides the answer to the question at issue in this case. The result is that there is no impediment or prohibition against prospective parents recovering under Article 2315 of the Civil Code for the tortiously caused death of their unborn child.
When Articles 28 and 29 are considered in pari materia the logical meaning of the articles should be determined by the following analysis. Article 28 simply makes provision for avoiding absurd or illogical consequences relating to inheritance and successions. Articles 953 through 963 bear this out. The point is that Article 29 states that "[c]hildren in the mother's womb are considered, in whatever relates to themselves, as if they were already born ..." (Emphasis supplied). The remaining portion of the Article makes it clear that considering children in their mother's womb is purely provisional in effect. The provisional nature of the pronouncement is elaborated on in Articles 953 of the Civil Code and the articles which follow. The pronouncement simply means that when a fetus comes into being through conception it is provisionally treated as a child. Therefore children in utero inherit provided they are ultimately born alive. In the meanwhile *150 their estates are to be looked after by curators. However, if a child carried in the womb is born dead, then the provision made for it by Article 29 is cancelled out by Article 28, and the child "born dead is considered as if [it] had never been born or conceived". This is made clear by Articles 953-957.
From the foregoing it may be seen that the focus and thrust of Articles 28 and 29 is directed to the rights of the children, as stated in Article 29, "in whatever relates to themselves." Clearly the articles were drafted and adopted with the rights of inheritance of unborn children in mind despite the fact that Articles 28 and 29 appear as general articles in Book I of the Civil Code relating to persons. This concept is reinforced by the fact that Articles 953-963, which are so obviously elaborations of Articles 28 and 29, appear in Book III of the Civil Code relating to the different modes of acquiring the ownership of things including successions.
The foregoing analysis leads me to the conclusion that Article 28 of the Civil Code is not to be taken literally, but is merely a legal provision designed to close out the provisional rights of unborn children set forth in Article 29 in the event the child should be born dead. Certainly it is factually untrue to say that a fetus which comes into being through conception, and lives through a certain period of gestation, and then is born dead, was never conceived and never born. It was conceived, it lived for a time and was born although born dead. By this we must assume that it was actually dead in the mother's womb. Under Article 956 if the child lives "but an instant" after birth even if "extracted by force from its mother's womb," then Article 28 does not apply.
Because of my views stated above, I am of the opinion that Article 28 of the Louisiana Civil Code has nothing whatsoever to do with wrongful death actions under Article 2315. Possibly Article 28 might have been stated differently had actions for wrongful death existed at the time the article was in the process of confection. However, the point is immaterial as Article 28 should not be deemed pertinent to wrongful death actions. Inasmuch as Article 28 does not bear upon the subject, the courts are free to construe the rights of parents for the wrongful death of unborn children without reference to the provisions of Article 28.
To determine if an unborn child is a "child" within the meaning of Article 2315 which speaks of "persons", I would resolve the matter on what I consider to be a reasonable basis. Judge Lottinger of the Court of Appeal for the First Circuit has pointed out in considering the issue with which we are concerned that Louisiana Statutes contain more than fifty definitions of the word "persons", and the Civil Code definition found in Article 3556 is a mere gender provision stating that the word applies to men and women or either. Danos v. St. Pierre, 383 So.2d 1019 (La.App. 1st Cir. 1980), docket number 12,755 for the Court of Appeal, First Circuit, handed down January 21, 1980. Although a child in the womb which dies by the wrongful act of another never sees the light of day and is never gazed upon by its mother and father, it was a child to them, nevertheless. No one will say the mother and father do not suffer a loss.
For the foregoing reasons, I concur in the holding that plaintiffs in the case have a cause of action that the judgment of the trial court should be reversed and the case be remanded to the trial court for further proceedings.
GUIDRY, Judge, dissenting.
In my opinion LSA-C.C. Article 28 which provides:
"Children born dead are considered as if they had never been born or conceived",
is not restricted to matters of inheritance but rather is to be generally applied in construing the provisions of other articles of the civil code. When LSA-C.C. Article 2315 is construed in pari materia with C.C. Article 28, it is clear that a wrongful death or survival action cannot be maintained for the death of a child never born alive. This *151 legal principle was re-affirmed in Wascom v. American Indemnity Corporation et al., 348 So.2d 128 (La.App. 1st Cir. 1977), writs refused, 350 So.2d 1224 (La.1977). Our Supreme Court denied writs in Wascom with only one Justice dissenting. 350 So.2d 1224 (La.1977). Although ordinarily a writ denial by the Supreme Court is not to be relied upon as persuasive authority for correctness of the legal principle or principles enunciated in the Court of Appeal opinion I believe that the Wascom case is an exception to that general rule.
In Wascom the salient issue was whether under our law surviving parents could maintain an action for the wrongful death of a child never born alive. In that case the Court of Appeal majority stated categorically:
"The law is clear that a wrongful death action can not be maintained for the death of a child never born alive .." (citations omitted)
Certainly upon writ application if the Supreme Court felt this legal conclusion erroneous the writ would not have been denied. I, like the majority of our Supreme Court, believe that decision to be correct. As stated by Judge Covington in his dissent in Danos v. St. Pierre, 383 So.2d 1019 (La.App. 1st Cir. 1980):

"In the 1977 Wascom decision, cited in the majority opinion, we echoed the sentiment of the trial court that when tortious conduct deprives expectant parents of a child they should have the right to recover. But, we also cited the words of the learned trial Judge Burrell J. Carter: `However, this Court does not make the law.'

Neither should appellate courts do so. A judicial decision should not be `the law,' but rather a learned interpretation of what is `the law.' The majority has reached a desired result through the use of a theory of, perhaps, what the law ought to be. However, the law is as it has been enacted by the duly constituted and representative legislative branch of our government.

Sociological decisions may be necessary when the bases of civilian methodology are nebulous. That circumstance does not exist here. A thinly veiled resort to equity is not authorized when the law is clear, C.C. art. 21, no matter how laudable the result." (footnote omitted)
For these reasons I respectfully dissent.
NOTES
[1] Comment, Survival of Actions in Article 2315 of the Louisiana Civil Code: The Victim's Action and the Wrongful Death Action, 43 Tul.L. Rev. 330 (1969).