445 So.2d 771 (1984)
Judy B. HARDEE, et ux., Plaintiffs-Appellants,
v.
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, et al., Defendants-Appellees.
No. 83-359.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1984.
*772 Thomas, Dunahoe & Gregory, A.J. Gregory, Natchitoches for plaintiffs-appellants.
Brittain & Williams, Joe Payne Williams, Watson, Murchison, Crews, Arthur & Corkern, William P. Crews, Jr., Natchitoches, J.Q. Davis of Bethard & Davis, Coushatta, Whitehead & McCoy, Kenneth D. McCoy, Natchitoches, for defendants-appellees.
Before GUIDRY, CUTRER and STOKER, JJ.
CUTRER, Judge.
This appeal emanates from a suit for damages arising out of an automobile accident. The plaintiff, Judy Hardee, while executing a left turn from a parking lot, was struck by Merry Smith as Ms. Smith passed a South Central Bell Telephone Company (Bell) truck driven by an employee, F.A. Gates.[1] Judy Hardee, and her husband, Kelly, sued Ms. Smith and her insurer, St. Paul Fire & Marine Insurance Company (St. Paul had maximum coverage of $10,000.00), and their own "under insurer," Economy Fire & Casualty Company (Economy). St. Paul and Smith filed a third party action against Bell and its employee, Gates; Economy made Smith, Bell and Gates third party defendants. A jury found causal negligence against the following parties in the following percentages: Plaintiff, Judy Hardee, 40%; defendant, Merry Smith-20%; and third party defendant, Gates-40%. The jury found that Mrs. Hardee was not entitled to any award for general damages. They awarded Kelly Hardee $1,200.00 special damages, which consisted of the loss of the wife's wages, $400.00 plus $800.00 medical expenses.
The trial court rendered judgment dismissing Judy Hardee's demands against Ms. Smith, St. Paul and Economy. Judgment was rendered against Ms. Smith and St. Paul in favor of Kelly Hardee for the sum of $1,200.00.[2] Kelly Hardee's demand against his underinsurer, Economy, was dismissed.
All third party demands filed by Ms. Smith, St. Paul and/or Economy were dismissed. All parties have appealed or answered the appeal. We reverse in part and affirm in part.
The "comparative negligence" method of computing damages is the appropriate standard in this case and the various appeals and answers filed in this court raise many and interesting questions concerning this new law. However, in light of our finding that the jury was clearly wrong in its determination that Ms. Smith was 20% negligent in the operation of her vehicle, we do not reach any of the comparative negligence issues so ably presented by counsel.
We are aware of the very strict standard of review under which we must conduct our consideration of the record before us. The decision of the factfinder is not lightly set aside. However, in this case, on the record before us, we conclude that the jury was clearly wrong when it determined that defendant, Ms. Smith, was negligent.

FACTS
While there is some conflict in the testimony, we have experienced little difficulty in making our findings of fact.
This accident occurred on October 20, 1981, at approximately 12:45 P.M., on College Avenue (Louisiana Highway 6) in Natchitoches, Louisiana. This avenue runs east and west along the north boundary of the campus of Northwestern State University. College Avenue is a wide thoroughfare which serves traffic going into the University and as part of Louisiana Highway 6 which extends westward from Natchitoches to Texas.
*773 This accident occurred approximately in the middle of the block between Caspari Street, which intersects the avenue one-half block to the west and Boyd Street which is one-half block east of the accident scene. College Avenue is 33 feet wide at the scene of the accident.
In the area of the accident the avenue contains a double yellow line. This line is not in the center of the avenue, rather it is situated to the south of the center of the avenue. The travel portion south of the double yellow line is 12 feet wide accommodating one lane of traffic proceeding east. The area of the avenue north of the double yellow line is 21 feet wide which will accommodate two lanes of traffic proceeding west.
The westbound lane does not contain any delineation to indicate two lanes of travel at the exact scene of the accident but is so delineated at a point beginning 97 feet west of the scene of the accident, near the intersection of Caspari Street and College Avenue. At this intersection, the innermost westbound lane is marked for left turn only. This lane serves those wishing to turn left into the campus. This intersection is controlled by a traffic signal which contains a special left-turn light.
Immediately prior to the accident, Judy Hardee had been attending to business at a bank located on the north side of College Avenue. As she left the bank parking lot she drove to an exit in order to enter College Avenue. It was her intention to proceed onto College Avenue and make a left turn to the east for the purpose of getting back to her work. Mrs. Hardee stopped at the exit as traffic was heavy on College Avenue at the time. After waiting a while, the Bell truck (driven by Gates) approached the exit. Gates, noticing Mrs. Hardee waiting in the exit, stopped his truck and, thinking she was going to turn west, waved to Mrs. Hardee to proceed into the avenue. Gates stated that he was surprised when he saw that she was going to cross the avenue and make a left turn into the eastbound lane.
At this time, Ms. Smith was approaching, traveling west on College Avenue, with the intention of turning into the campus at the intersection of Caspari Street. She was going back to her employment on the University campus.
As the Bell truck was stopping at the exit, with cars behind, Ms. Smith was approaching these stopping vehicles. These vehicles stopped near the curb. Ms. Smith, with the intent to turn left at the left-turn signal approximately 127 feet away, switched to the left portion of the westbound lane to pass the stopped vehicles and enter the left-turn lane immediately ahead. She was traveling approximately 15 miles per hour as she proceeded.
Mrs. Hardee, at that time, was crossing the westbound lane intending to make a left turn. She was driving slowly as her view to the east was obstructed by the Bell truck and cars stopped behind it. She continued across the westbound lane driving directly in front of Ms. Smith who was proceeding in the inner lane, approaching the left-turn light immediately ahead. As Mrs. Hardee passed the front of the Bell vehicle, she was struck by Ms. Smith. Ms. Smith had no way of knowing that a vehicle may come into her lane from in front of the Bell vehicle.
Both of these drivers were well acquainted with College Avenue and the fact that the width of the westbound lane was wide enough to accommodate two lanes of traffic. Both were well acquainted with the fact that immediately west of the scene of the accident the inner lane was designated and used as a left-turn lane.
College Avenue forms a part of Louisiana Highway 6 and the state has the responsibility of traffic controls in the area of the accident. Mr. Morton, a traffic engineer for the Louisiana State Department of Transportation, testified that the westbound lane in the immediate area of the accident was not marked with a broken white line to designate two lanes of travel. He stated, however, that if vehicles were stopped near the curb, a westbound vehicle using the inside lane could pass the stopped *774 vehicles without violating any traffic laws or regulations.
With these facts in mind, we shall examine the law in order to determine whether Ms. Smith was at fault.
LSA-R.S. 32:124 provides:
"The driver of a vehicle about to enter or cross a highway from a ..., driveway, ..., shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard."
In interpreting this statute, our courts have repeatedly held a driver entering a highway from a private driveway has a primary or high duty to avoid a collision. This duty becomes more onerous as the hazards increase and requires a motorist to use every reasonable means available to ascertain his entry onto the highway may be made in safety. West v. Ryder Truck Lines, Inc., 218 So.2d 106 (La.App. 3rd Cir.1969), writ den., 222 So.2d 882 (La. 1969). The fact that a driver may stop to allow such person to enter the highway does not lessen the onerous duty imposed upon the entering driver.
As we apply this law to the facts of this case we find that Ms. Smith was free of negligence. She violated no law or rules of the highway in proceeding into the inner lane of the avenue at a slow speed for the purpose of passing the stopped vehicles and preparing for a left turn at the intersection less than 50 yards away. Mrs. Hardee's vehicle suddenly emerged from in front of the stopped line of traffic into the path of Ms. Smith's car, creating a situation of peril from which Ms. Smith could not extricate herself, nor did she have a reasonable opportunity to take the necessary evasive action to avoid the collision.
Mrs. Hardee failed to perform the onerous duty imposed upon a driver entering a highly traveled highway from a private driveway. She failed to use "every means available to ascertain" that her entry into the highway could be made with safety.
The evidence does not support a finding that Ms. Smith was guilty of any negligence contributing to the occurrence of the accident. The jury was clearly wrong in finding Ms. Smith 20% negligent. Since Gates and Bell are not made defendants by plaintiffs but are only third party defendants, it is not necessary that we discuss their negligence.
Having concluded that Ms. Smith was free of negligence, that portion of the judgment rendered in favor of Kelly Hardee and against Ms. Smith and St. Paul in the amount of $1,200.00 shall be reversed and dismissed.
Also, the dismissal of Kelly Hardee's demand against his underinsurer, Economy, shall be affirmed.
Those portions of the trial court judgment dismissing Judy Hardee's demands against Ms. Smith, St. Paul and Economy shall be affirmed. The dismissal of all third party demands filed by Ms. Smith, St. Paul and/or Economy shall be affirmed.
For these reasons, that portion of the trial court judgment rendered in favor of Kelly Hardee and against Ms. Smith and St. Paul is reversed and dismissed. In all other respects the trial court judgment is affirmed.
The costs of court both at the trial level and on appeal shall be paid by the plaintiffs, Kelly and Judy Hardee.
REVERSED IN PART; AFFIRMED IN PART.
*775 
NOTES
[1] To assist the reader a schematic diagram of the accident site is included as an appendix to this opinion.
[2] The judgment casting the full amount of the jury award of $1,200.00 against Ms. Smith and St. Paul was erroneous in view of the percentages of negligence allocated by the jury. Due to the conclusions reached by us, however, it is unnecessary that we pursue this question.