KNOLL, Judge.
Bill Raymond Stevens appeals the trial court’s judgment dismissing his tort claim for personal injuries against Natchitoches Parish and the Natchitoches Parish Police Jury on a motion for summary judgment. The assignments of error present two issues: (1) whether there was any genuine issue as to material fact; and (2) whether oral testimony may be taken at a hearing on a motion for summary judgment.
On February 23, 1981, Stevens filed two identical suits against Bob House, Commercial Union Insurance Company, Aetna Casualty and Surety Company, the State of Louisiana, Department of Highways, Natchitoches Parish, and the Natchitoches Parish Police Jury; the first was filed in Red River Parish at 12:20 p.m. and the second in Natchitoches Parish at 1:40 p.m. The State of Louisiana, Department of Highways, filed exceptions of vagueness and lis pendens; Natchitoches Parish and the Natchitoches Parish Police Jury filed exceptions of no cause or right of action, a petition for declaratory judgment, and a motion for summary judgment which asserted that they were not liable because Natchitoches Parish had not built, owned or maintained the highway where the accident occurred.
The trial court granted the motion for summary judgment and sustained the exception of lis pendens.
We will not treat the issues raised by Stevens because we find the issues moot. In the interest of judicial economy the appellate court may declare mootness on its own motion. Behler v. Louisiana State Racing Commission, 251 La. 959, 207 So.2d 758 (1968). Courts will not ordinarily rule on legal questions where no practical results can be effectuated by its ruling. La. Ass’n of Educ. v. Concordia Par. Sch. Bd., 441 So.2d 9 (La.App. 3rd Cir.1983); In Re Baer, 310 So.2d 537 (La.1975).
Stevens seeks a ruling that the trial court improvidently granted Natchitoches Parish’s motion for summary judgment. From the colloquy on the exception of lis pendens, Stevens, through counsel, clearly declared that he did not wish to pursue both lawsuits. He stated that the only problem presented by having his Natchi-toches Parish lawsuit dismissed was that counsel for Natchitoches Parish and the Natchitoches Parish Police Jury would have to repeat their motion for summary judgment in Red River Parish. We find this to be a consent by Stevens to have his lawsuit tried completely in Red River Parish, and an acknowledgment on counsel’s part that the proceedings held on the motion for summary judgment were moot. Further, if the trial court had first ruled on the exception of lis pendens, no action would have been taken in Natchitoches *84 Parish on the motions for summary judgment.
Under this procedural setting, a judgment by this court on the propriety of the motions for summary judgment would serve no useful purpose, nor could it afford Stevens any practical relief, since the same motions for summary judgment can now be urged in Red River Parish.
Accordingly, the appeal by Stevens is dismissed as moot. All costs of appeal are assessed to plaintiff-appellant, Bill Raymond Stevens.
APPEAL DISMISSED.
GUIDRY, J., concurs in the result.