558 So.2d 294 (1990)
Charles Mitchell SOILEAU, Plaintiff-Appellant,
v.
Thomas J. LaFOSSE, III, et al., Defendants-Appellees.
No. 88-1241.
Court of Appeal of Louisiana, Third Circuit.
March 14, 1990.
*295 Richard Vidrine, Ville Platte, for plaintiff-appellant.
Dauzat, Falgoust, Caviness & Bienvenu, Steven Bienvenu, Opelousas, for defendants-appellees.
Before FORET, STOKER and KING, JJ.
STOKER, Judge.
This suit arises from a two-vehicle collision which occurred on March 28, 1984. Plaintiff, Charles Soileau, filed suit claiming damages for loss of income, property damage and the rental cost of a motor vehicle against Thomas J. LaFosse, III (driver of the other vehicle), Sandra LaFosse (owner of the vehicle driven by Thomas LaFosse) and Republic Vanguard Insurance Company (Sandra LaFosse's liability insurer). The trial court held in favor of plaintiff, finding defendant, Thomas LaFosse, 65% at fault in causing the accident and awarding plaintiff damages for the cost of repairs to his truck and vehicle rental costs. The trial court denied plaintiff's claim for loss of income on the basis of plaintiff's failure to mitigate his damages.
Plaintiff appeals the trial court's judgment contending the trial court erred in finding plaintiff comparatively negligent and in failing to award damages for loss of income.
Defendants answered the appeal contending the trial court erred in awarding damages to plaintiff because plaintiff made a complete assignment of his litigious rights to Pitre Ford Mercury, Inc.

FACTS
At about 9:30 p.m. on March 28, 1984 plaintiff was driving his 1981 Ford one-half *296 ton pickup truck east on West Main Street in Ville Platte, Louisiana. As plaintiff drew near the Sonic Drive-In he noticed defendant drive a 1979 Chevrolet Impala up the Sonic driveway and slow down as defendant neared West Main Street. Plaintiff removed his foot from the accelerator when he observed defendant drive toward the street but replaced it as he saw defendant's vehicle slow down. As plaintiff proceeded to drive past the Sonic driveway, defendant attempted to enter and make a left-hand turn onto West Main Street. Defendant ran into the side of plaintiff's truck.

TRIAL COURT DISPOSITION AND ISSUES ON APPEAL
The parties have assigned several charges of error on the part of the trial court. The record establishes that the plaintiff made a partial assignment of his claim to Pitre Ford Mercury, Inc. The trial court found that the amount of the property damages sustained by plaintiff's automobile was $3012.90. The trial court also found that plaintiff suffered damages as a result of the necessity of renting a substitute vehicle while plaintiff's vehicle was being repaired, and this figure was fixed at $890.18. The assignment issue will be discussed below.
The trial court found that plaintiff, Charles Mitchell Soileau, was guilty of negligence to the extent of 35% compared with LaFosse's negligence of 65%. Consequently, the trial judge gave judgment in favor of plaintiff in the sum of $2537 ($3012.90 plus $890.18 equals $3903.08 multiplied by 65% equals $2537).
As noted above plaintiff-appellant complains in this appeal asserting two errors on the part of the trial judge: (1) finding plaintiff comparatively negligent, and (2) failing to award damages for loss of income.

ASSIGNMENT
We attach to this opinion as Appendix I a copy of Plaintiff's Exhibit P-3 consisting of a partial assignment of plaintiff's claim against the defendants.
Defendants answered the appeal contending the trial court erred in awarding damages to plaintiff because he made a complete assignment of his litigious rights against defendants to Pitre Ford Mercury, Inc. in payment of the repairs to his truck. The evidence does not support defendants' contention that plaintiff assigned his entire claim; the assignment was only partial.
The assignment of claim document introduced into evidence clearly shows that plaintiff made a partial assignment of the damages he hoped to recover as a result of this lawsuit. The assignment of damages excludes any damages recovered for medical expenses, excludes any amount plaintiff owes in attorney's fees and is limited to the sum of $8065.55. In spite of the fact that plaintiff has not recovered any damages for personal injuries and has not been awarded any damages in excess of $8065.55, plaintiff has still reserved for himself an amount sufficient to discharge his attorney's fees. Therefore, plaintiff did not make a complete assignment of his claim and was a proper party plaintiff to enforce the claim under LSA-C.C.P. art. 698.
Article 698 provides that where an incorporeal right has been partially assigned it shall be enforced judicially by the assignor and the assignee. If the entire right is assigned, the assignee alone is the proper party to bring the suit. Paragraph (d) of the Official Revision Comments under Article 698 explains the effect of the article, depending on whether the assignment is of the entire right or a partial assignment:
"(d) A failure to comply with this article produces different results, depending on the facts. If there has been an assignment of the entire right and the suit is brought in the name of the assignor, the latter has no right of action, and the court cannot adjudicate in the absence of the indispensable party plaintiff, the assignee. If there has been a partial assignment, and the suit is brought only by the assignor or the assignee, there is a nonjoinder of a necessary party. See *297 Art. 642, supra. If the defendant fails to object timely to the nonjoinder of a necessary party, in a case of partial assignment, the objection is waived and the court may make an adjudication. The defendant has consented to the partial assignment. But if, in such a case, the partial assignment is proven, the plaintiff may recover only his interest in the partially assigned claim."
Defendants raised the assignment issue for the first time in their answer to the appeal to this court. We find that Pitre Ford Mercury, Inc. was a necessary party, not an indispensable party. The defendants did not object to the nonjoinder of the necessary party, Pitre Ford Mercury, Inc. No doubt the reason defendants made no objection by way of exception of nonjoinder is that the assignment only came to light during the trial when plaintiff referred to the assignment in response to the charge that Soileau never paid Pitre Ford Mercury, Inc. and would not have to pay. Plaintiff took the position that the assignment was an acknowledgment of the debt and the assignment of an interest was payment of a sort. The plaintiff also relies on a provision in the assignment which we now consider. The assignment was introduced in evidence as P-3.
In order to complete our holding on the assignment question, we must consider a provision in the assignment contract itself. But for one provision in the assignment document the defendants might prevail on their argument that plaintiff may not recover damages because he had assigned all of his rights. At least it might be valid as to items of damage plaintiff did not reserve to himself, medical expenses and attorney's fees which plaintiff might owe.
Page two of the assignment contains the following provision:
"IT IS UNDERSTOOD AND AGREED by and between assignor and assignee that payment of the sum of $8,086.55 will be made to assignee, PITRE FORD MERCURY, INC., at the time of the disposition of assignor's claim, whether it be by compromise or after judgment is rendered and payment therefor is made."
There is a clear implication from this language that Pitre Ford Mercury, Inc. has authorized plaintiff to pursue recovery in this case. As we see it, Pitre Ford Mercury, Inc. has contracted to await payment of the assigned amount until plaintiff makes a recovery. For these reasons the defense of assignment of plaintiff's rights must fall. Under the paragraph quoted above, payment to Pitre Ford Mercury, Inc. of any sum which may be due it is strictly between it and plaintiff. We reject the assignment defense.
With this analysis in mind we will consider plaintiff's assignments of error consisting of the finding that he was comparatively negligent and the failure of the trial judge to award plaintiff a sum for loss of income.

LOSS OF INCOME
We have considered the merits of the plaintiff's claim for loss of income and we affirm the trial court's denial of the claimed items of damage.
The trial court held that plaintiff was not entitled to damages for loss of income because he failed to mitigate his damages. Plaintiff's welding rig was bolted to the bed of his truck through holes he had made in the truck frame, and plaintiff apparently worked from his truck. Plaintiff did not inform defendants that he needed a vehicle which would accommodate his welding rig and did not attempt to rent one himself. Had plaintiff informed defendants of his need for a truck which could accommodate this welding equipment, they could have arranged to supply his need.
The doctrine of unavoidable consequences bars recovery of those damages which occurred after the initial injury and which might have been averted by reasonable conduct on the part of the plaintiff. The standard is that of a reasonable man under like circumstances. Philippe v. Browning Arms Co., 395 So.2d 310 at 318, n. 12 (La.1981); see also Till v. Delta School of Commerce, Inc., 487 So.2d 180 (La.App.3d Cir.1986).
*298 We find that plaintiff failed to act as a reasonable man in not attempting to obtain a replacement vehicle for his welding rig either through defendants or through his own efforts. Mr. D'Amico, the insurance claims adjuster who investigated plaintiff's claim, testified that plaintiff never told him that he was unable to work, despite numerous attempts by Mr. D'Amico to contact plaintiff. Plaintiff testified that he did not tell defendants he was losing income while his truck was being repaired because he "just figured they knew." We affirm the trial court's denial of damages to plaintiff for loss of income due to his failure to mitigate his damages.

COMPARATIVE NEGLIGENCE
Plaintiff contends the trial court erred in finding him 35% at fault in causing the accident. We agree.
LSA-R.S. 32:124 provides:
"§ 124. Vehicle entering highway from private road, driveway, alley or building
"The driver of a vehicle about to enter or cross a highway from a private road, driveway, alley or building, shall stop such vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across any alleyway or driveway, and shall yield the right of way to any pedestrian as may be necessary to avoid collision, and shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard."
In interpreting this statute our courts have repeatedly held that a driver entering a highway from a private driveway has a primary or high duty to avoid a collision. This duty becomes more onerous as the hazards increase and requires a motorist to use every reasonable means available to ascertain that his entry onto the highway may be made in safety. Further, such a driver is required to keep a lookout for vehicles upon the highway and to desist from entering until it is apparent to a reasonably prudent person that such can be done in safety. Wells v. Allstate Ins. Co., 510 So.2d 763 (La.App. 1st Cir.), writ denied, 514 So.2d 463 (La.1987), and cases cited therein; Hardee v. St. Paul Fire & Marine Ins. Co., 445 So.2d 771 (La.App. 3d Cir.1984).
In the case before us, defendant testified that he was not paying enough attention to what he was doing, that plaintiff did not appear to be speeding and that he was not sure how close plaintiff's vehicle was to him when he entered the highway. Plaintiff noted defendant's deceleration and had a right to assume that he would not enter West Main Street until plaintiff had passed. Hurd v. Toups, 348 So.2d 1270 (La.App. 4th Cir.1977); see also Bourgeois v. Francois, 161 So.2d 750 (La. 1964). Moreover, the fact that defendant ran into the side of plaintiff's vehicle tends to show that plaintiff did not have time to take evasive action.
We find that defendant failed to use "every means available to ascertain" that his entry into West Main Street could be made with safety, especially since the hazards were increased by the darkness. The evidence does not support a finding that plaintiff was guilty of any negligence contributing to the occurrence of the accident.

CONCLUSION
For the reasons given, the judgment of the trial court awarding monetary amounts for property damage to plaintiff's vehicle and the cost of renting a substitute vehicle are affirmed. The trial court's denial of loss of income damages is affirmed. We reverse the trial court's finding that plaintiff was guilty of negligence. We find that there was no negligence on plaintiff's part and there is nothing to compare. Accordingly, we amend the trial court's judgment and hereby order and decree that plaintiff have judgment for the full amount of his proven damages, $3012.90 for automobile repairs and $890.18 for rental of a replacement vehicle while plaintiff's vehicle was being repaired.
AFFIRMED IN PART; AMENDED IN PART AND RENDERED.

*299 APPENDIX I

Feb. 28, 1986

United States of America

State of Louisiana

Parish of Evangeline

Assignment of Claim

By: Charles Mitchell Soileau

To: Pitre Ford Mercury, Inc.
BE IT KNOWN, that on this 20th day of February in the year of Our Lord One Thousand Nine Hundred Eighty-six (1986),
BEFORE ME, Richard W. Vidrine, a Notary Public, duly commissioned and qualified in and for the Parish of Evangeline, State of Louisiana, therein residing, and in the presence of the witnesses hereinafter named and undersigned:
PERSONALLY CAME AND APPEARED:
CHARLES MITCHELL SOILEAU, a person of the full age of majority and a resident of and domiciled in Evangeline Parish, Louisiana whose address is PO Box 636, Ville Platte, Louisiana,
who declared that in consideration of PITRE FORD MERCURY, INC. withholding institution of proceedings to collect any debt which may be due by CHARLES MITCHELL SOILEAU to PITRE FORD MERCURY, INC., said assignor, CHARLES MITCHELL SOILEAU, has sold, assigned, transferred, set over and delivered, and by these presents does sell, assign, transfer, set over and deliver unto PITRE FORD MERCURY, INC., its successors and assigns, to its own proper use and benefit forever, any and all sum or sums now due and owing said assignor, and all claims, demands, and cause or causes of action of whatever kind in nature which said assignor had or now has or may have against Thomas J. Lafosse, III, Sandra D. Lafosse, and/or Republic-Vanguard Insurance Company, arising out of an accident which occurred on March 28, 1984 on West Main Street in Ville Platte, Evangeline Parish, Louisiana, to the extent of and only to the extent of $8,086.55.
IT IS UNDERSTOOD AND AGREED by and between assignor, CHARLES MITCHELL SOILEAU, and assignee, PITRE FORD MERCURY, INC., that this assignment is limited to the amount of $8,086.55 and that this said assignment as stated herein, any and all provisions to the contrary notwithstanding, this assignment is subordinate to any and all attorney's fees which may be due by assignor to his attorney, and for any and all medical expenses incurred as a result of the aforementioned accident.
IT IS UNDERSTOOD AND AGREED by and between assignor and assignee that payment of the sum of $8,086.55 will be made to assignee, PITRE FORD MERCURY, INC., at the time of the disposition of assignor's claim, whether it be by compromise or after judgment is rendered and payment therefor is made.
THUS DONE AND PASSED at my office in Ville Platte, Evangeline Parish, Louisiana on the day, month and year herein first above written in the presence of the undersigned competent witnesses who hereunto subscribe their names with the said appearers and me, Notary, after reading of the whole.
WITNESSES:
(s) Jo Ann V. Mixon
JO ANN V. MIXON
(s) Christine P. Galloway
CHRISTINE P. GALLOWAY
APPEARERS:
(s) Charles Mitchell Soileau
CHARLES MITCHELL SOILEAU
PITRE FORD MERCURY, INC.
BY: [Signature]
ITS DULY AUTHORIZED AGENT
(s) Richard W. Vidrine
NOTARY PUBLIC