635 So.2d 627 (1994)
Jefferson FONTENOT, et al., Plaintiff-Appellant,
v.
STATE of Louisiana, through DEPARTMENT OF EDUCATION, et al., Defendant-Appellee.
No. 92-132.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1994.
*628 David Benoit, Breaux Bridge, for Jefferson Fontenot.
H. Douglas Hunter, Opelousas, for State, Dept. of Educ.
Before YELVERTON, SAUNDERS and DECUIR, JJ.
DECUIR, Judge.
Plaintiffs filed suit seeking damages for personal injuries sustained in a table saw accident. The trial court found that the defendants were free from fault in causing plaintiff's injuries. Plaintiffs appeal. We affirm.

FACTS
Jackson Fontenot, then a fourteen-year-old special education student, severely lacerated his hand in a table saw accident at the Evangeline Parish Career Center on November 15, 1988. The accident occurred during a class taught by Milan Hesnor. At the time of the accident, Jackson was adjusting the guide fence of the table saw. Jackson was using his fist to bang the guide into place. He was distracted when someone called his name, and his hand slipped into the still-turning blade.
Jefferson Fontenot, Jackson's Father, filed suit individually and on behalf of Jackson against the State of Louisiana through the Department of Education, the Evangeline Parish School Board, Milan Hesnor, Pelican Mutual Insurance Company and Horace Mann Insurance Company seeking damages for the injuries suffered by Jackson. Pelican Mutual has since been liquidated and the Louisiana Insurance Guaranty Association substituted as a party-defendant.
Judgment dismissing the State of Louisiana was entered on April 10, 1991. No appeal was taken. Milan Hesnor and his insurer settled with the Fontenots. Hesnor was released for any amount he may be cast in judgment on appeal beyond the coverage provided by the School Board's insurer, Pelican Mutual (now LIGA). After a bench trial the court found for the defendants and dismissed the Fontenots' suit at their cost.
From that judgment the Fontenots appeal alleging several assignments of error.

LIABILITY OF HESNOR AND SCHOOL BOARD
In the first assignment of error, appellants argue that the trial court erred in finding that Milan Hesnor and the School Board were free from fault in causing Jackson Fontenot's injuries.
The fault of the School Board may arise from its own acts or failures to act, or under the doctrine of respondeat superior, from the acts of its employees. Nash v. Rapides Parish School Board, 188 So.2d 508 (La.App.3d Cir.1966). We begin with a discussion of the School Board's fault based on the doctrine of respondeat superior. Therefore, the actions of the teacher Milan Hesnor are our focus.
The jurisprudence governing the duties of teachers toward students is well settled. In the case of Prier v. Horace Mann Insurance, Co., 351 So.2d 265 (La.App.3d Cir.); writ denied, 352 So.2d 1042, 1045 (La.1977) this court stated these duties as follows:
"(S)chool teachers charged with the duty of superintending children in the school must exercise reasonable supervision over them, commensurate with the age of the children and the attendant circumstances. A greater degree of care must be exercised if the student is required to use or to come in contact with an inherently dangerous object, or to engage in an activity where it is reasonably foreseeable that an accident or injury may occur. The teacher is not liable in damages unless it is shown that he or she, by exercising the degree of supervision required by the circumstances, might have prevented the act which caused the damage, and did not do so. It is also essential to recovery that there be proof of negligence in failing to provide the required supervision and proof of a causal connection between the lack of supervision and the accident ..."
(citations omitted).
Milan Hesnor was Jackson's teacher. He taught a woodworking class which involved learning to use power tools. The first several weeks of the course were spent in the *629 classroom reviewing safety rules and testing students on their knowledge of those rules. In addition, Hesnor demonstrated the use of each power tool to the class and observed the students individually to assure that they had mastered the skill. Jackson was instructed how to properly use the table saw. More specifically, he had been instructed that the guide fence should never be adjusted while the saw blade was moving. By his own admission Jackson knew of the danger involved in adjusting the guide fence with the blade moving.
On the day of the accident, despite instructions to the contrary, Jackson was adjusting the guide fence with the blade moving. As a result of this knowing misuse of the equipment, Jackson was injured. Appellants make much of the fact that the blade guard was not in place at the time of the accident nor at most other times in the classroom. This emphasis is misplaced. The adjustment Jackson was making required that the blade guard be removed so that measurements could be made. Therefore, the position of the blade guard is only relevant as it relates to Hesnor's instruction. It is evident that Jackson was aware of the proper way to make the adjustment to the guide fence. That Jackson chose not to adjust the blade as instructed is not the fault of Milan Hesnor.
The record is unclear as to the exact location of Hesnor when the accident occurred. It is undisputed, however, that he was either in the shop or classroom area as was his teaching assistant. Thus, he had not left his immediate teaching area nor abandoned his supervisory duty. The fact that Jackson was not being supervised individually at the time of the accident does not constitute fault on the part of Hesnor or the School Board. Partin v. Vernon Parish School Board, 343 So.2d 417 (La.App.3d Cir.1977).
The trial court's findings on negligence are findings of fact and as such are not to be disturbed on appeal absent manifest error. Lirette v. State Farm, 563 So.2d 850 (La.1990). The trial judge found that Milan Hesnor was not negligent in instruction or supervision. That finding is supported by the evidence, thus, not manifestly erroneous.

NEGLIGENT PLACEMENT IN WOODWORKING
In the second assignment of error, appellants allege that the trial court erred in finding that Jackson Fontenot was appropriately placed in a woodworking class. This assignment addresses the School Board's second possible ground of liability, that is, negligent acts or omissions by the Board itself.
Several experts testified at trial regarding the functional capabilities of Jackson Fontenot and the appropriateness of his placement in a woodworking class. After hearing the evidence, the trial court concluded that Jackson was appropriately placed in a woodworking class and that he was able to function in that setting.
The trial court is in the best position to observe the demeanor and mannerisms of the witnesses. Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review. Canter v. Koehring, 283 So.2d 716 (La.1973). We find no error in the trial court's finding.

FAULT OF JACKSON FONTENOT
In their final assignment, appellants allege that the trial court erred in finding Jackson Fontenot wholly at fault in causing his injury. The assignment lacks merit. The trial court found that the defendants were not negligent. Therefore, the apportioning of fault is not an issue. Thompson v. Colony Insurance Co., 520 So.2d 1158 (La. App.3d Cir.1987).

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs to be paid by plaintiff-appellant.
AFFIRMED.