663 So.2d 236 (1995)
Beverly Schulte COBB, Plaintiff-Appellant,
v.
Dr. Hubert KLEINPETER, et al., Defendant-Appellee.
No. 95-271.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1995.
Writ Denied January 12, 1996.
*237 Christopher J. Roy Sr., Jay Anthony Pucheu, Alexandria, for Beverly Schulte Cobb.
John E. Bergstedt, Lake Charles, for Dr. Hubert Kleinpeter et al.
Before SAUNDERS and SULLIVAN, JJ., and KNIGHT,[1] J. Pro Tem.
SAUNDERS, Judge.
In this medical malpractice action, plaintiff appeals the trial court's judgment absolving *238 defendant of negligence and assigns as additional unrelated errors the trial court's refusal to dismiss certain jurors. We affirm.

FACTS
This medical malpractice case arises from the performance of a total abdominal hysterectomy and incidental appendectomy received by plaintiff at Beauregard Memorial Hospital in 1985.
On February 9, 1988, following an adverse ruling of the Medical Review Panel, plaintiff filed suit against Dr. Hubert Kleinpeter and Beauregard Memorial Hospital alleging failure to properly diagnose and treat her post-surgical infection. On September 26, 1989, plaintiff filed a First Supplemental and Amending Petition alleging that Dr. Kleinpeter breached the requisite standard of care by not adequately prescribing and/or taking into account laboratory studies and temperature values and in discharging plaintiff without finding the source of her fever.
Both Beauregard Memorial Hospital and Dr. Kleinpeter generally denied plaintiff's claims, and Dr. Kleinpeter further alleged comparative fault by the plaintiff in failing to follow his recommended course of treatment. Later, Beauregard Memorial Hospital filed a Motion for Summary Judgment. This motion was granted by judgment signed June 6, 1990, and has not been appealed.
On January 10, 1994, plaintiff filed a Second Supplemental and Amending Petition additionally alleging that Dr. Kleinpeter failed to inform plaintiff of the increased risk of infection arising from an incidental appendectomy and failed to order lab tests that would have enabled him to diagnose her post-surgical infection before her discharge. Finally, plaintiff alleged that Dr. Kleinpeter failed to prescribe proper antibiotics to combat plaintiff's infection.
Shortly before trial, on August 31, 1994, plaintiff filed another supplemental and amending petition. This one alleged damages due for a second surgery performed in 1991 and for possible future surgeries resulting from Dr. Kleinpeter's alleged malpractice of 1985. These allegations too were denied.

Appeal
The matter was tried to a jury. Plaintiff's appeal follows the trial court's judgment, in accordance with the jury's findings absolving defendant of liability.
As plaintiff tells it, by the time trial by jury was held on October 10 and 14, 1994, the issues were basically narrowed down to whether there was an increased risk of infection in removing plaintiff's appendix, whether plaintiff was properly informed of any increased risk and whether Dr. Kleinpeter breached the applicable standard of care in failing to determine the source and type of infection during plaintiff's post-surgical hospitalization.
The many errors assigned by plaintiff may be divided neatly into four categories:
First, plaintiff complains that the trial court erred in refusing to dismiss for cause jurors who had a doctor/patient relationship with Dr. Kleinpeter and/or his partners, or whose family members maintained similar relationships.
Second, plaintiff contends that the trial court erred in refusing to grant plaintiff's motion for directed verdict as to Dr. Kleinpeter's allegations against her with regard to comparative fault.
Third, notwithstanding the jury's eventual favorable response, plaintiff complains that the trial court erred in failing to instruct the jury to affirmatively answer an interrogatory questioning whether plaintiff successfully demonstrated the requisite standard of care.
Fourth, plaintiff's last three assigned errors go to the merits of the jury's findings.

I. DISMISSAL OF JURORS
While plaintiff has no complaints with the trial judge's actions with respect to potential jurors who still considered Dr. Kleinpeter to be her/his doctor, plaintiff's first three assignments of error allege that the trial judge erred in denying plaintiff's motion to exclude several members of the jury venire for cause due to former or ongoing relationships with Dr. Kleinpeter or with his partners, Dr. Rudd and Dr. Jones.
*239 Because the trial court failed to issue a blanket exclusion for such jurors, according to plaintiff, her case was prejudiced by the court's requiring in-depth questioning of each member of the jury venire. According to plaintiff, these questions predictably elicited statements by the prospective jurors "regarding what wonderful doctors the physicians of that clinic were, all in the presence of the entire jury venire." According to plaintiff, each such member of the venire should have been automatically dismissed without further questioning.
We are unable to agree with plaintiff, who cites no authority in support of her position. To the contrary, we do find convincing the authority cited by defendant.
It is a well settled principle of law that the trial judge is vested with broad discretion when ruling on challenges for cause. See, Druilhet v. Comeaux, 317 So.2d 270 (La.App. 3rd Cir.1975), writ denied, 321 So.2d 363 (La.1975). Only when the record demonstrates a clear abuse of discretion should the appellate court intervene. The trial judge is obviously in the best position to assess the juror's demeanor, sincerity, fairness and credibility. Thus, his decision is not subject to disturbance by appellate action without a showing that there was a clear abuse of discretion. Broussard v. Missouri Pacific Railroad Company, 376 So.2d 532 (La.App. 3rd Cir. 1979). There is no showing of abuse. Under the circumstances, there is no merit in the appellants' complaint of the jury selection.
Seals v. Pittman, 499 So.2d 114, 118 (La.App. 1 Cir.1986), writ denied, 503 So.2d 15 (La. 1987).
After listening to potential jurors firsthand and observing their demeanor, the trial judge determined that the potential jurors could be fair and impartial, and nothing in the record demonstrates a clear abuse of the trial judge's discretion. To the contrary, our review of the transcript from the voir dire demonstrates that the trial judge exercised not only discretion, but sound judgment in determining which jurors would be impartial and which could be partial.[2]
We find no merit to plaintiff's first three assigned errors.

II. DIRECTED VERDICT
Plaintiff also contends that the trial court erred in refusing to grant her motion for directed verdict on the question of comparative fault. She maintains that she was without fault for her injuries. Apparently, the trial court denied plaintiff's motion because there was some evidence to suggest that plaintiff might have permitted some time to expire between the time she began having difficulties and the time she scheduled a medical appointment.
The standard of review for directed verdicts is whether, after viewing the evidence submitted, the appellate court can conclude that reasonable persons could not reach a contrary verdict. Bergeron v. Blake Drilling & Workover Co., Inc., 599 So.2d 827 (La.App. 1st Cir.), writ denied, 605 So.2d 1117, 1119 (La.1992). Also, Tilley v. Mount Vernon Ins. Co., 411 So.2d 72 (La. App. 3d Cir.1982).
Graham v. Southern Pacific Transp. Co., 619 So.2d 894, 897 (La.App. 3 Cir.), writ denied, 625 So.2d 1044 (La.1993).
Applying this standard, we cannot agree with plaintiff's contention, for even those aggrieved by the actions of others have a duty to mitigate or ameliorate damages. Soileau v. LaFosse, 558 So.2d 294 (La.App. 3 Cir.1990).[3]
Our law seeks to fully repair injuries which arise from a legal wrong. However, *240 an accident victim has a duty to exercise reasonable diligence and ordinary care to minimize his damages after the injury has been inflicted. Pisciotta v. Allstate Ins. Co., 385 So.2d 1176 (La.1979) (amended on rehearing); Unverzagt v. Young Builders, Inc., 215 So.2d 823, 252 La. 1091 (1968); Donovan v. New Orleans Ry. & Light Co., 61 So. 216, 132 La. 239 (1913); Reeves v. Louisiana & Arkansas Ry. Co., 304 So.2d 370 (La.App. 1st Cir.1974); Riley v. Frantz, 253 So.2d 237 (La.App. 4th Cir. 1971); Welch v. Ratts, 235 So.2d 422 (La. App. 2d Cir.1970); McCormick, Damages, Sec. 33 (1935). He need not make extraordinary or impractical efforts, but he must undertake those which would be pursued by a man of ordinary prudence under the circumstances. Id. Thus, his recovery will not be limited because of a refusal to undergo medical treatment that holds little promise for successful recovery. Merrell v. State, Through Dept. of Transp., 415 So.2d 660 (La.App. 3d Cir.1982). The expense and inconvenience of treatment are also proper considerations in determining the reasonableness of a person's refusal to submit to treatment. Andrus v. Security Ins. Co., 161 So.2d 113 (La.App. 3d Cir. 1964), writ denied, 163 So.2d 358, 246 La. 81 (1964). Moreover, an unreasonable refusal of medical treatment which does not aggravate his injury will not restrict a victim's recovery. Joiner v. Texas & Pac. Ry. Co., 55 So. 670, 128 La. 1050 (1911); Merrell v. State, Through Dept. of Transp., supra. The tortfeasor has the burden of showing both the unreasonableness of the victim's refusal of treatment and the consequent aggravation of the injury. Glazer v. Glazer, 278 F.Supp. 476 (D.C.La.1968); Reeves v. Travelers Ins. Co., 329 So.2d 876 (La.App. 2d Cir.1976); Desselle v. Wilson, 200 So.2d 693 (La.App. 3rd Cir.1967); Roy v. Robin, 173 So.2d 222 (La.App. 3rd Cir. 1965), writ denied 175 So.2d 110, 247 La. 877 (1965).
Jacobs v. New Orleans Public Service, Inc., 432 So.2d 843, 845-46 (La.1983).
Moreover, even had the trial court erred, in this case its error would be of no consequence. This is because a plaintiff's comparative negligence is relevant only when a defendant is found to be negligent. Fontenot v. State through Dept. Of Education, 92-132 (La.App. 3 Cir. 4/6/94); 635 So.2d 627, writ denied, 94-1131 (La. 6/24/94); 640 So.2d 1350. Here, defendant was found to be free of fault.
Accordingly, we find no merit in plaintiff's fourth assigned error.

III. STANDARD OF CARE INSTRUCTION
In her fifth assigned error, plaintiff complains that the trial court erred in failing to instruct the jury to affirmatively answer Jury Interrogatory No. 1, which reads as follows:
SPECIAL VERDICT TO THE JURY
1. Did plaintiff establish by a preponderance of the evidence, the degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians practicing within the field of Obstetrics and Gynecology?
 ANSWER: YES 
 Yes or No

* * * * * *
We find no merit to this contention, for even though the trial court refused to so instruct the jury, the jury delivered precisely the response plaintiff sought, albeit by alternate means. An appeal is the exercise of the right of the party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court. La.Code Civ.P. art. 2082. Insofar as the jury in this case responded in the affirmative to Interrogatory No. 1, plaintiff merely seeks to have this court affirm the trial court's resolution of the issue.
It is well established that it is the function of appellate courts to render judgments which can be made effective and not to give opinions on moot questions. Savings Bank of Baltimore v. Venture 73, 452 So.2d 395 (La.App. 3 Cir.1984), writ den., 458 So.2d 487 (La.1984); Cox v. Watts, 329 So.2d 917 (La.App. 1 Cir.1976); Brown v. Town of Lake Providence, 200 So.2d 764 (La.App. 2 Cir.1967).
*241 Roland Const. v. City of Alexandria, 591 So.2d 808, 810 (La.App. 3 Cir.1991). In accord, Bankston v. Guzman, 537 So.2d 1205 (La.App. 3 Cir.), writ denied, 538 So.2d 615 (La.1989); Stevens v. House, 460 So.2d 82 (La.App. 3 Cir.1984). Because plaintiff's fifth assigned error would merely have us uphold the trial court's findings, we dismiss this portion of plaintiff's appeal. See La. Code Civ.P. art. 2162.

IV. THE MERITS

Assigned Error No. 6Informed Consent:
Next, plaintiff complains that she was not apprised of the risk of the procedure conducted in 1985 or of the possibility that Dr. Kleinpeter might remove her healthy appendix. In brief, she maintains that she was advised that her appendix would be removed only "if it was bad." Additionally, plaintiff maintains that she would not have consented to removal of her healthy appendix, particularly if the doctor had explained that its removal might increase the risk of infection.
On the other hand, defendant maintains that he complied with the standard of care by explaining the procedure, its risks, and having plaintiff execute consent forms, all of which, according to defendant, support the jury's finding in his favor. Additionally, defendant introduced the testimony of the physician members of the medical review panel, Drs. Lee Montlezun and Peter Lafuria, to the effect that there is nothing extraordinary about the incidental removal of an appendix, particularly from a patient less than thirty years old.
It is well settled that an appellate court must give great weight to the conclusions reached by the trier of fact and, if there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed unless manifestly erroneous. Anthony v. Hospital Service Dist. No. 1, 477 So.2d 1180 (La.App. 1st Cir.1985), writ denied, 480 So.2d 743 (La.1986); Senegal v. George Theriot's, Inc., 445 So.2d 137 (La.App. 3rd Cir.1984), writ denied, 448 So.2d 114 (La. 1984).
Novak v. Texada, Miller, Masterson and Davis Clinic, 514 So.2d 524, 525-26 (La.App. 3 Cir.), writ denied, 515 So.2d 807 (La.1987). Having reviewed the record, we find no basis for reversing the jury's acceptance of defendant's recollection of the facts over those presented by plaintiff's recollection.

Assigned Errors 7 and 8:
Finally, plaintiff maintains that the jury erred in failing to find that Dr. Kleinpeter deviated from the accepted standard of medical care in failing to discover, isolate and properly treat the post-operative infection.
Ultimately, the critical question raised by plaintiff is whether the trial court erred in not finding Dr. Kleinpeter negligent for removing plaintiff's appendix and in subsequently failing to order a blood culture, which plaintiff maintains would have permitted an earlier diagnosis of post-operative infection.
It is well settled that a court of appeal may not set aside a finding of fact by a trial court or a jury in the absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978); Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973).
When findings are based on determinations regarding the credibility of witnesses, the manifest errorclearly wrong standard demands great deference to the trier of fact's findings; for only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Rosell, supra at 844; Canter, supra at 724; Virgil v. American Guarantee & Liability Ins. Co., 507 So.2d 825 (La.1987); Boulos v. Morrison, 503 So.2d 1 (La.1987).
The rule that questions of credibility are for the trier of fact applies to the evaluation of expert testimony, unless the stated reasons of the expert are patently unsound. *242 Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106 (La.1990); Economy Auto Salvage v. Allstate Ins. Co., 499 So.2d 963 (La.App. 3d Cir.) writ denied, 501 So.2d 199 (La.1986); Thompson v. Tuggle, 486 So.2d 144 (La.App. 3d Cir.) writ denied, 489 So.2d 919 (La.1986); See Graver Tank & Mfg. Co. v. Linde Air Products, Co., 336 U.S. 271, 69 S.Ct. 535, 93 L.Ed. 672 (1949); Berger v. Iron Workers Reinforced Rodmen Local 201, 843 F.2d 1395 (D.C.Cir. 1988) cert. denied, 490 U.S. 1105, 109 S.Ct. 3155, 104 L.Ed.2d 1018 (1989); W.S. Shamban & Co. v. Commerce & Industry Ins. Co., 475 F.2d 34 (9th Cir.1973); Hicks v. U.S., 368 F.2d 626 (4th Cir.1966); U.S. v. Springfield, 276 F.2d 798 (5th Cir.1960); Byron v. Gerring Industries, Inc., 328 N.W.2d 819 (N.D.1982); 9 Wright & Miller, Federal Practice and Procedure, Sec. 2586 (1971).
Lirette v. State Farm Insurance Co., 563 So.2d 850, 852-53 (La.1990). See also, Novak, 514 So.2d 524.
The premise of plaintiff's case is that a blood culture should have been ordered sooner to pinpoint the source of plaintiff's problems. Had the doctor done so, according to plaintiff, her serious ailments, including those which resulted in surgery to alleviate an intestinal blockage, would have been avoided. On the other hand, as defendant suggests, there is evidence to suggest that a blood culture would have been indicated only were a post-operative infection ruled in. Apart from Dr. Kleinpeter's testimony, evidence supporting this conclusion includes contradictory medical testimony and excerpts.
While plaintiff argues strenuously that a blood culture should have been ordered as a screening test, from our perspective, the jury, faced with conflicting versions of fact and applicable medical standards, determined that Dr. Kleinpeter's treatment of plaintiff did not fall below the requisite standard of care. Of plaintiff's medical experts, Dr. Michael Gagliardi's testimony suggests that defendant had two options, to administer antibiotics or to discontinue antibiotics and order a blood culture.[4] Additionally, plaintiff's expert Dr. Robert Davis did not indicate plaintiff's condition required a blood culture; to the contrary, Dr. Davis only noted the need for prophylactic or therapeutic antibiotics. No other doctor unequivocally testified that the defendant should have performed a blood culture. Thus, after reviewing the record, we can detect no basis for upsetting the jury's findings, as we cannot say the jury was manifestly erroneous in determining that Dr. Kleinpeter did not deviate from the required standard of care. Consequently, we find no merit to plaintiff's errors assigned as to the merits.

DECREE
For the foregoing reasons, plaintiff's appeal is dismissed in part, and the judgment of the trial court is affirmed, at plaintiff-appellant's costs.
APPEAL DISMISSED IN PART; AFFIRMED.
NOTES
[1] Judge William N. Knight of the Thirty-first Judicial District participated in this decision as judge pro tempore by appointment of the Louisiana Supreme Court.
[2] It was only after each potential juror survived grilling by the parties and the court that the court exercised its discretion, tempered by instructions meticulously repeated after the panel was sworn in and before and after trial.
[3] The doctrine of unavoidable consequences bars recovery of those damages which occurred after the initial injury and which might have been averted by reasonable conduct on the part of the plaintiff. The standard is that of a reasonable man under like circumstances. Philippe v. Browning Arms Co., 395 So.2d 310 at 318, n. 12 (La.1981) [1980]; see also Till v. Delta School of Commerce, Inc., 487 So.2d 180 (La.App. 3d Cir.1986).

Id., 558 So.2d at 297.
[4] There was no evidence to suggest for how long the antibiotics would have been discontinued in order for the blood culture to be useful.